McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Deborah A. Byron, #105327
  deborah.byron@mccormickbarstow.com
Mart B. Oller IV, #149186
  marty.oller@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Defendants COUNTY OF
CALAVERAS, CALAVERAS COUNTY
SHERIFF RICK DIBASILIO; DEPUTY
GEOFFREY RAMOS; DEPUTY TALYA-ANN
MATTOS; AND DEPUTY KEVIN STEVENS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT TAYLOR, LORI MELVILLE , | Case No. 1:18-CV-00760-BAM |
| Plaintiffs, | **STIPULATION AND PROTECTIVE ORDER REGARDING DEFENDANTS' PRODUCTION OF MATERIALS IN RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| COUNTY OF CALAVERAS, a municipal corporation; CALAVERAS COUNTY SHERIFF RICK DIBASILIO, individually and in his official capacity; Calaveras County Sheriff's Department deputies GEOFFREY RAMOS (Badge No. #0368), TALYAANN MATTOS (Badge No. #0370), KEVIN STEVENS (Badge No. 0242), individually and in their official capacities; BRIAN DAVID LOPEZ, RHONDA LEE LOPEZ, and DOES 1 through 50, jointly and severally, | The Hon. Barbara A. McAuliffe

Action Filed:    June 4, 2018
Trial Date:    March 30, 2021 |
| Defendants. | |

**IT IS HEREBY STIPULATED BY AND BETWEEN** Defendants COUNTY OF

CALAVERAS, CALAVERAS COUNTY SHERIFF RICK DIBASILIO, DEPUTY GEOFFREY

RAMOS, DEPUTY TALYA-ANN MATTOS and DEPUTY KEVIN STEVENS (collectively

referred to herein as "County"), and Plaintiffs MICHAEL SCOTT TAYLOR and LORI

MELVILLE (collectively referred to herein as "Plaintiffs") and Defendants BRIAN DAVID

1:18-CV-00760-BAM

STIPULATION AND PROTECTIVE ORDER REGARDING DEFENDANTS' PRODUCTION OF MATERIALS IN RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

LOPEZ and RHONDA LEE LOPEZ (collectively referred to herein as "Lopez Defendants"), through their respective counsel:

County, Plaintiffs and the Lopez Defendants, collectively referred to herein as the "Parties," hereby stipulate and consent to the Court entering a Protective Order to protect confidential and privileged personnel information which is maintained in the files of Defendants Geoffrey Ramos, TalyaAnn Mattos and Kevin Stevens. Defendants contend that Plaintiffs' request for production of documents seeks disclosure of confidential personnel information protected by the official information privilege, the federal law enforcement investigative privilege and the federal and California constitutional rights to privacy (as underscored by the California statutory peace officer personnel records *Pitches* privileges pursuant to California Penal Code §§832.5-832.8, as well as California Evidence Code §§ 1040-1048 and associated case law). Defendants contend the information sought by Plaintiffs would create a substantial risk of harm to significant privacy interests if disclosure were made. More specifically, the records sought will disclose personal information regarding peace officers' home addresses, telephone numbers, tax information, medical information, insurance information, and personal information re third parties, including the names of relatives, references and co-workers. Defendants are concerned because of a belief that Plaintiffs are antagonistic toward law enforcement in general and County in particular. Disclosure could present a risk of harm to the individual Defendants and their associates if personal matters are disclosed.

Defendant County has been asked to produce materials and/or otherwise disclose information that is: (a) confidential, sensitive and invasive of County's official information privilege, and the privacy and security interests of the County and third parties; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence. Without a protective order in place, production of such information may run afoul of the public interest in maintaining the security and confidentiality of law enforcement agencies and its personnel and intrude upon third party privacy rights guaranteed under the United States Constitution and the California Constitution.

Subject to and without waiving any statutory or constitutional privileges or objections to the

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

STIPULATION AND PROTECTIVE ORDER REGARDING DEFENDANTS' PRODUCTION OF MATERIALS IN RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

admissibility or discoverability of any information or documents produced, the Parties stipulate that access to and use of such information or evidence shall be governed by the provisions of this Stipulated Protective Order and that the terms set forth herein may be entered by the Court. This Stipulated Protective Order shall apply to all copies of designated matters.

## I.
## DESIGNATION OF CONFIDENTIAL MATERIALS

A.      "Confidential" materials shall be any and all contents of personnel files maintained in confidence in the names of law enforcement personnel by County of Calaveras and all documents referring to the actions and conduct of law enforcement personnel while in the course of official duties;

B.      Defendants will redact confidential personal information regarding the individual Defendants, including, but not limited to, home addresses and phone numbers, medical information, tax information, salary information, the names of family members and associates, and any other information that would permit a person to locate the private residences of law enforcement personnel and their families or to interfere with personal matters involving County personnel;

C.      The Parties agree to make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to review such information, and obtain an agreement from the persons to whom the disclosure was made to be bound by this Protective Order.

## II.
## RESTRICTION REGARDING CONFIDENTIAL MATTERS

A.      No Confidential materials produced by County shall be used for any purpose other than the litigation, preparation for, and trial of this case.

B.      There shall be no disclosure of documents designated as "Confidential" to anyone other than the following:

1.      Plaintiffs, Plaintiffs' counsel and Plaintiffs' counsel's staff and agents, including, but not limited to, outside copy service personnel;

2.      Lopez Defendants' counsel, counsel's staff and agents, including, but not

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

limited to, outside copy service personnel;

3.      Experts and consultants retained by Plaintiff's counsel and counsel for Lopez Defendants in the preparation or presentation of the case;

4.      The finder of fact at the time of trial, subject to the Court's rulings on pre-trial motions and objections of counsel; and

5.      Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for trial.

C.      Confidential materials may be shown to the persons listed in paragraphs B(3) and B(5) only after such persons have been shown a copy of this Order and advised of its terms. Any person receiving Confidential materials shall not reveal the information therein to, or discuss the contents of the materials with, any person who is not entitled to receive such information as set forth herein.

D.      Confidential materials disclosed at a deposition shall be designated as "Confidential" by so indicating on the record at the deposition. Copies of Confidential materials attached to deposition exhibits shall maintain their confidential status as set forth in this Protective Order and be sealed. If any document or information designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

E.      If filed with the Court, such materials shall be labeled as "Confidential Subject to Court Order" and filed under seal. In the event that any entity seeks to have any document unsealed, County shall first have an opportunity to seek the Court's finding that: (1) there exists an overriding interest that overcomes the right of public access to the materials; (2) the overriding interests support sealing the records; (3) a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1 means exist to achieve the overriding interest.

2   F.  If Plaintiffs or Lopez Defendants wish to disclose "Confidential" materials to any person not identified in paragraphs B(1)-B(5) above, they must proceed in the following manner: the names of the persons to whom "Confidential" material is to be disclosed shall be provided in writing to counsel for County, along with the bases for the need to disclose the information and/or materials and a description with reasonable specificity of the "Confidential" materials to be disclosed. Counsel for County shall have seven days to object to such disclosure in writing. If no objection is made in that time, the request is deemed granted. If an objection to the disclosure is asserted by counsel for County, Plaintiffs and/or Defendants must apply for relief from the Court. Such materials shall not be disclosed pending a decision by the Court on such motion.

## III.
## GENERAL

A.  The terms of this Stipulated Protective Order shall be binding on Plaintiffs, County and Lopez Defendants from the time that counsel sign the Stipulation, even if the Court has not signed the Order.

B.  This Stipulated Protective Order may be modified or terminated by this Court for good cause shown or by signed stipulation of counsel for the Parties.

C.  Counsel may apply to the Court to challenge a designation made by Defendants after an attempt has been made to meet and confer over the issue. Upon such a request to the Court to challenge the designation made, the Court shall review the materials in an in-camera hearing and determine whether the designation is appropriate. Plaintiff and Defendants shall comply with the Stipulated Protective Order unless the Court orders otherwise.

## IV.
## TERMINATION OF THE LITIGATION

A.  Within sixty (60) days after a final judgment or settlement, all original "Confidential" materials and copies or portions thereof containing or reflecting information of "Confidential" materials shall be destroyed or returned to counsel for County.

B.  This Stipulated Protective Order shall survive and remain in full force and effect after

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

STIPULATION AND PROTECTIVE ORDER REGARDING DEFENDANTS' PRODUCTION OF MATERIALS IN RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

1 the termination of this case and may be enforced as a contract between the Parties, or by application

2 to the Court for a finding of contempt.

3      This Joint Stipulation may be executed in counterparts. When County, Lopez Defendants

4 and Plaintiffs have signed and delivered at least one such counterpart, each counterpart shall be

5 deemed an original, and each counterpart taken together shall constitute one and the same Joint

6 Stipulation.

7      **IT IS SO STIPULATED.**

8

9 Dated: May 21, 2019            McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

10

11

12       By:_____*/s/ Deborah A. Byron*_____
Deborah A. Byron

13       Mart B. Oller IV

14       Attorneys for Defendants COUNTY OF
CALAVERAS; CALAVERAS COUNTY

15       SHERIFF RICK DIBASILIO; DEPUTY
GEOFFREY RAMOS; DEPUTY TALYA-ANN

16       MATTOS; AND DEPUTY KEVIN STEVENS

17 Dated: May 21, 2019            LAW OFFICES OF PANOS LAGOS

18

19       By:_____*/s/ Panos Lagos*_____

20       Panos Lagos
Attorneys for Plaintiffs, MICHAEL SCOTT

21       TAYLOR, LORI MELVILLE

22 Dated: May 21, 2019            DONAHUE DAVIES LLP

23

24

25       By:_____*/s/ Stephen J. Mackey*_____
James R. Donahue

26       Stephen J. Mackey
Attorneys for Defendants, BRIAN DAVID LOPEZ

27       and RHONDA LEE LOPEZ

28 / / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

STIPULATION AND PROTECTIVE ORDER REGARDING DEFENDANTS' PRODUCTION OF MATERIALS IN
RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

# ORDER

The Court adopts the stipulated protective order submitted by the parties. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential. Also, the parties shall consider resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedures.

IT IS SO ORDERED.

Dated: __**May 24, 2019**__          _____/s/ Barbara A. McAuliffe_____
                                      UNITED STATES MAGISTRATE JUDGE

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720