# EXHIBIT 1

**Panos Lagos**

| | |
|---|---|
| **From:** | Mary Ramirez <Mary.Ramirez@mccormickbarstow.com> |
| **Sent:** | Tuesday, May 28, 2019 1:07 PM |
| **To:** | Panos Lagos; Alicia Hubbs |
| **Cc:** | Deborah Byron; Marty Oller |
| **Subject:** | RE: Taylor/Melville v. County of Calaveras |

This email will serve to confirm that Plaintiffs have granted a 30 day extension for our clients to respond to the discovery referenced below up to and including **July 1, 2019**:

1. **County of Calaveras**:  Plaintiffs Taylor's Interrogatories (Set One), Request for Admissions (Set One), Request for Production of Documents (Set Two)

2. **Geoffrey Ramos**:  Plaintiffs' Interrogatories (Set One); Request for Admissions (Set One); Request for Production of Documents (Set One)

3. **Talya-ann Mattos**:  Plaintiffs' Interrogatories (Set One); Request for Admissions (Set One); Request for Production of Documents (Set One)

4. **Kevin Stevens**:  Plaintiffs' Interrogatories (Set One); Request for Admissions (Set One); Request for Production of Documents (Set One)

If this email does not conform with our agreement, please contact me immediately.  Thank you for your assistance.



**MARY G. RAMIREZ**
Paralegal

McCormick Barstow, LLP
7647 North Fresno Street
P.O. Box 28912
Fresno, CA 93729-8912
(559) 433-1300 main
(559) 433-2191 direct
(559) 433-2300 fax

Mary.Ramirez@mccormickbarstow.com

CONFIDENTIALITY NOTICE:  E-mail may contain confidential information that is legally privileged.  Do not read this e-mail if you are not the intended recipient.  This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential and proprietary information that is legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information

1

contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify us by forwarding this to info@mccormickbarstow.com or by telephone at (559) 433-1300, and destroy the original transmission and its attachments without reading or saving it in any manner.  Thank you.

# EXHIBIT  2

1

Panos Lagos (SBN 61821)
**LAW OFFICES OF PANOS LAGOS**

2

5032 Woodminster Lane
Oakland, CA 94602

3

Tel. (510) 530-4078
Fax (510) 530-4725

4

e-mail: panoslagos@aol.com

5

*Attorney for Plaintiffs,*
**MICHAEL SCOTT TAYLOR, LORI MELVILLE**

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

**MICHAEL SCOTT TAYLOR,
LORI MELVILLE,**

11

12

Plaintiffs,

13

vs.

14

**COUNTY OF CALAVERAS, a municipal
corporation: Calaveras County Sheriff**

15

**RICK DiBASILIO, individually and in his
official capacity; Calaveras County**

16

**Sheriff's Department deputies
GEOFFREY RAMOS (Badge #0368),**

17

**TALYAANN MATTOS (Badge #0370),
KEVIN STEVENS (Badge #0242),**

18

**individually and in their official capacities;
BRIAN DAVID LOPEZ,**

19

**RHONDA LEE LOPEZ, and
DOES 1 through 50, jointly and severally,**

20

21

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 1:18-cv-00760-DAD-BAM**

**PLAINTIFFS' REQUEST FOR
ADMISSIONS TO DEFENDANT
GEOFFREY RAMOS, SET ONE**

22

PROPOUNDING PARTY:   Plaintiffs MICHAEL SCOTT TAYLOR and LORI MELVILLE

23

RESPONDING PARTY:   Defendant GEOFFREY RAMOS

24

SET NUMBER:   One

25

     You are hereby requested pursuant to Fed. R. Civ. P. 36 to admit or deny the truth of the

26

following requests for admission propounded to you in this matter. Under Fed. R. Civ. P. 36, a

27

matter is admitted unless, within 30 days after being served, the party to whom the request is

28

directed serves on the requesting party a written answer or objection addressed to the matter and

PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT RAMOS, SET ONE
*Taylor, et al. v. County of Calaveras, et al.*
USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM          1

**REQUEST NO. 40:**

Please admit that, on the date of the INCIDENT, YOU had no interest in COMMUNICATING with RHONDA LEE LOPEZ to investigate the merits of the call for service before making CONTACT with PLAINTIFFS.

**REQUEST NO. 41:**

Please admit that, on the date of the INCIDENT, YOU had no interest in investigating the merits of the call for service before making CONTACT with PLAINTIFFS.

**REQUEST NO. 42:**

Please admit that, before placing someone under arrest following a call for service not involving imminent harm to anyone, YOU knew YOU had a duty to investigate the factual basis for that call.

**REQUEST NO. 43:**

Please admit that, before placing someone under arrest following a call for service not involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for that call.

**REQUEST NO. 44:**

Please admit that, before placing someone under arrest following a call for service not involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for the alleged crime.

**REQUEST NO. 45:**

Please admit that, before placing someone under arrest following a call for service not involving a threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for the alleged crime.

**REQUEST NO. 46:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to investigate the factual basis of the call for service by BRIAN DAVID LOPEZ.

///

///

**REQUEST NO. 47:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to investigate the factual basis of the call for service by RHONDA LEE LOPEZ.

**REQUEST NO. 48:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to COMMUNICATE with BRIAN DAVID LOPEZ regarding the factual basis of the call for service.

**REQUEST NO. 49:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to COMMUNICATE with RHONDA LEE LOPEZ regarding the factual basis of the call for service.

**REQUEST NO. 50:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was arrested for a violation of California Penal Code § 647(F).

**REQUEST NO. 51:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was arrested for a violation of California Penal Code § 148(A)(1).

**REQUEST NO. 52:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was not arrested for a violation of California Penal Code § 246.3(A).

**REQUEST NO. 53:**

Please admit that at the time of TAYLOR'S handcuffing on the date of the INCIDENT, you lacked probable cause to arrest TAYLOR for a violation of California Penal Code § 246.3(A).

**REQUEST NO. 54:**

Please admit that the charge against TAYLOR for a violation of California Penal Code § 246.3(A) was added to the INCIDENT report after YOU arrested TAYLOR.

///

///

**REQUEST NO. 55:**

Please admit that the only COMMUNICATION between YOU and BRIAN DAVID LOPEZ on June 24, 2017, occurred after TAYLOR'S arrest.

**REQUEST NO. 56:**

Please admit that the only COMMUNICATION between YOU and RHONDA LEE LOPEZ on June 24, 2017, occurred after TAYLOR'S arrest.


Dated: April 26, 2019                LAW OFFICES OF PANOS LAGOS


_____
Panos Lagos, Esq.
Attorneys for Plaintiffs,
MICHAEL SCOTT TAYLOR,
LORI MELVILLE

PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT RAMOS, SET ONE
*Taylor, et al. v. County of Calaveras, et al.*
USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM                    10

## <u>PROOF OF SERVICE BY MAIL</u>

I, the undersigned, declare:  I am employed in the City of Oakland, County of Alameda California; I am over the age of eighteen years and not a party to the within action.  My business address is: 5032 Woodminster Lane, Oakland, CA 94602.

On *April 26, 2019*, I served, in the manner indicated below, the within:

***PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT GEOFFREY RAMOS, SET ONE***

individually on the interested parties in said action by placing true copies thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Deborah A. Byron<br>Mart B. Oller IV<br>McCormick, Barstow, Sheppard, Wayte &<br>Carruth LLP<br>7647 North Fresno Street<br>Fresno, CA 93720 | JAMES R. DONAHUE<br>MICHAEL E. MYERS<br>STEPHEN J. MACKEY<br>DONAHUE · DAVIES LLP<br>Post Office Box 277010<br>Sacramento, CA 95827-7010 |
| Attorneys for Defendants<br>- County of Calaveras,<br>  Calaveras County Sheriff Rick DiBasilio,<br>  Deputy Geoffrey Ramos,<br>  Deputy Talya-Ann Mattos,<br>  Deputy Kevin Stevens | Attorneys for Defendants<br>- BRIAN DAVID LOPEZ and<br>  RHONDA LEE LOPEZ |

<u>X</u>____ (*By Regular ___ Express Mail*) I caused such envelopes with postage thereon fully prepaid to be placed in the U.S. Mail at Oakland, California.

_____ (*By Certified Mail, Return Receipt Requested*), I caused such envelope(s), with postage thereon fully prepaid, and fees paid for certified mail and return of the attached receipt to be placed in the U.S. Mail at Oakland, California.

_____ (*By Federal Express*) I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

_____ (*By Personal Delivery*) I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

_____ (*By Facsimile and Subsequently by Mail*) I caused such copies to be sent with the same service.

_____ (*By Electronic Delivery (e-mail) and Subsequently by Mail*) I caused such copies to be sent with the same service.

I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service; it is deposited with the U.S. Post Service on that same day in the ordinary course of business.
///

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on *April 26, 2019*, at Oakland, California.

ALICIA HUBBS

# EXHIBIT  3

Panos Lagos (SBN 61821)
**LAW OFFICES OF PANOS LAGOS**
5032 Woodminster Lane
Oakland, CA 94602
Tel. (510) 530-4078
Fax (510) 530-4725
e-mail: panoslagos@aol.com

*Attorney for Plaintiffs,*
**MICHAEL SCOTT TAYLOR, LORI MELVILLE**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL SCOTT TAYLOR, LORI MELVILLE,**  <br><br> Plaintiffs,  <br><br> vs.  <br><br> **COUNTY OF CALAVERAS, a municipal corporation: Calaveras County Sheriff RICK DiBASILIO, individually and in his official capacity; Calaveras County Sheriff's Department deputies GEOFFREY RAMOS (Badge #0368), TALYAANN MATTOS (Badge #0370), KEVIN STEVENS (Badge #0242), individually and in their official capacities; BRIAN DAVID LOPEZ, RHONDA LEE LOPEZ, and DOES 1 through 50, jointly and severally,**  <br><br> Defendants. | **Case No. 1:18-cv-00760-DAD-BAM**  <br><br> **PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT TALYAANN MATTOS, SET ONE** |

PROPOUNDING PARTY:   Plaintiffs MICHAEL SCOTT TAYLOR and LORI MELVILLE

RESPONDING PARTY:   Defendant TALYAANN MATTOS

SET NUMBER:   One

    You are hereby requested pursuant to Fed. R. Civ. P. 36 to admit or deny the truth of the following requests for admission propounded to you in this matter. Under Fed. R. Civ. P. 36, a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and

PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT MATTOS, SET ONE
*Taylor, et al. v. County of Calaveras, et al.*
USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM       1

**REQUEST NO. 40:**

Please admit that, on the date of the INCIDENT, YOU had no interest in COMMUNICATING with RHONDA LEE LOPEZ to investigate the merits of the call for service before making CONTACT with PLAINTIFFS.

**REQUEST NO. 41:**

Please admit that, on the date of the INCIDENT, YOU had no interest in investigating the merits of the call for service before making CONTACT with PLAINTIFFS.

**REQUEST NO. 42:**

Please admit that, before placing someone under arrest following a call for service not involving imminent harm to anyone, YOU knew YOU had a duty to investigate the factual basis for that call.

**REQUEST NO. 43:**

Please admit that, before placing someone under arrest following a call for service not involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for that call.

**REQUEST NO. 44:**

Please admit that, before placing someone under arrest following a call for service not involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for the alleged crime.

**REQUEST NO. 45:**

Please admit that, before placing someone under arrest following a call for service not involving a threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for the alleged crime.

**REQUEST NO. 46:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to investigate the factual basis of the call for service by BRIAN DAVID LOPEZ.

///

///

**REQUEST NO. 47:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to investigate the factual basis of the call for service by RHONDA LEE LOPEZ.

**REQUEST NO. 48:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to COMMUNICATE with BRIAN DAVID LOPEZ regarding the factual basis of the call for service.

**REQUEST NO. 49:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to COMMUNICATE with RHONDA LEE LOPEZ regarding the factual basis of the call for service.

**REQUEST NO. 50:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was arrested for a violation of California Penal Code § 647(F).

**REQUEST NO. 51:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was arrested for a violation of California Penal Code § 148(A)(1).

**REQUEST NO. 52:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was not arrested for a violation of California Penal Code § 246.3(A).

**REQUEST NO. 53:**

Please admit that at the time of TAYLOR'S handcuffing on the date of the INCIDENT, you lacked probable cause to arrest TAYLOR for a violation of California Penal Code § 246.3(A).

**REQUEST NO. 54:**

Please admit that the charge against TAYLOR for a violation of California Penal Code § 246.3(A) was added to the INCIDENT report after YOU arrested TAYLOR.

///

///

**REQUEST NO. 55:**

Please admit that the only COMMUNICATION between YOU and BRIAN DAVID LOPEZ on June 24, 2017, occurred after TAYLOR'S arrest.

**REQUEST NO. 56:**

Please admit that the only COMMUNICATION between YOU and RHONDA LEE LOPEZ on June 24, 2017, occurred after TAYLOR'S arrest.

Dated: April 26, 2019                    LAW OFFICES OF PANOS LAGOS

_Panos Lagos_

Panos Lagos, Esq.
Attorneys for Plaintiffs,
MICHAEL SCOTT TAYLOR,
LORI MELVILLE

## **PROOF OF SERVICE BY MAIL**

I, the undersigned, declare:  I am employed in the City of Oakland, County of Alameda California; I am over the age of eighteen years and not a party to the within action.  My business address is: 5032 Woodminster Lane, Oakland, CA 94602.

On *April 26, 2019*, I served, in the manner indicated below, the within:

### ***PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT TALYAANN MATTOS, SET ONE***

individually on the interested parties in said action by placing true copies thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Deborah A. Byron | JAMES R. DONAHUE |
| Mart B. Oller IV | MICHAEL E. MYERS |
| McCormick, Barstow, Sheppard,  Wayte & Carruth LLP | STEPHEN J. MACKEY |
| | DONAHUE · DAVIES LLP |
| 7647 North Fresno Street | Post Office Box 277010 |
| Fresno, CA 93720 | Sacramento, CA 95827-7010 |
| | |
| Attorneys for Defendants | Attorneys for Defendants |
| -   County of Calaveras, | -   BRIAN DAVID LOPEZ and |
|     Calaveras County Sheriff Rick DiBasilio, |     RHONDA  LEE LOPEZ |
|     Deputy Geoffrey Ramos, | |
|     Deputy Talya-Ann Mattos, | |
|     Deputy Kevin Stevens | |

X____ (*By Regular ___ Express Mail*) I caused such envelopes with postage thereon fully prepaid to be placed in the U.S. Mail at Oakland, California.

_____ (*By Certified Mail, Return Receipt Requested*), I caused such envelope(s), with postage thereon fully prepaid, and fees paid for certified mail and return of the attached receipt to be placed in the U.S. Mail at Oakland, California.

_____ (*By Federal Express*) I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

_____ (*By Personal Delivery*) I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

_____ (*By Facsimile and Subsequently by Mail*) I caused such copies to be sent with the same service.

_____ (*By Electronic Delivery (e-mail) and Subsequently by Mail*) I caused such copies to be sent with the same service.

I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service; it is deposited with the U.S. Post Service on that same day in the ordinary course of business.

///

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on *April 26, 2019*, at Oakland, California.

ALICIA HUBBS

# EXHIBIT  4

Panos Lagos (SBN 61821)
**LAW OFFICES OF PANOS LAGOS**
5032 Woodminster Lane
Oakland, CA 94602
Tel. (510) 530-4078
Fax (510) 530-4725
e-mail: panoslagos@aol.com

*Attorney for Plaintiffs,*
**MICHAEL SCOTT TAYLOR, LORI MELVILLE**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL SCOTT TAYLOR, LORI MELVILLE,**<br><br>Plaintiffs,<br><br>vs.<br><br>**COUNTY OF CALAVERAS, a municipal corporation: Calaveras County Sheriff RICK DiBASILIO, individually and in his official capacity; Calaveras County Sheriff's Department deputies GEOFFREY RAMOS (Badge #0368), TALYAANN MATTOS (Badge #0370), KEVIN STEVENS (Badge #0242), individually and in their official capacities; BRIAN DAVID LOPEZ, RHONDA LEE LOPEZ, and DOES 1 through 50, jointly and severally,**<br><br>Defendants. | **Case No. 1:18-cv-00760-DAD-BAM**<br><br>**PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT KEVIN STEVENS, SET ONE** |

PROPOUNDING PARTY:   Plaintiffs MICHAEL SCOTT TAYLOR and LORI MELVILLE

RESPONDING PARTY:   Defendant KEVIN STEVENS

SET NUMBER:   One

You are hereby requested pursuant to Fed. R. Civ. P. 36 to admit or deny the truth of the following requests for admission propounded to you in this matter. Under Fed. R. Civ. P. 36, a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and

**REQUEST NO. 40:**

Please admit that, on the date of the INCIDENT, YOU had no interest in COMMUNICATING with RHONDA LEE LOPEZ to investigate the merits of the call for service before making CONTACT with PLAINTIFFS.

**REQUEST NO. 41:**

Please admit that, on the date of the INCIDENT, YOU had no interest in investigating the merits of the call for service before making CONTACT with PLAINTIFFS.

**REQUEST NO. 42:**

Please admit that, before placing someone under arrest following a call for service not involving imminent harm to anyone, YOU knew YOU had a duty to investigate the factual basis for that call.

**REQUEST NO. 43:**

Please admit that, before placing someone under arrest following a call for service not involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for that call.

**REQUEST NO. 44:**

Please admit that, before placing someone under arrest following a call for service not involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for the alleged crime.

**REQUEST NO. 45:**

Please admit that, before placing someone under arrest following a call for service not involving a threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for the alleged crime.

**REQUEST NO. 46:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to investigate the factual basis of the call for service by BRIAN DAVID LOPEZ.

///

///

PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT STEVENS, SET ONE
*Taylor, et al. v. County of Calaveras, et al.*
USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM                                    8

**REQUEST NO. 47:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to investigate the factual basis of the call for service by RHONDA LEE LOPEZ.

**REQUEST NO. 48:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to COMMUNICATE with BRIAN DAVID LOPEZ regarding the factual basis of the call for service.

**REQUEST NO. 49:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to COMMUNICATE with RHONDA LEE LOPEZ regarding the factual basis of the call for service.

**REQUEST NO. 50:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was arrested for a violation of California Penal Code § 647(F).

**REQUEST NO. 51:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was arrested for a violation of California Penal Code § 148(A)(1).

**REQUEST NO. 52:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was not arrested for a violation of California Penal Code § 246.3(A).

**REQUEST NO. 53:**

Please admit that at the time of TAYLOR'S handcuffing on the date of the INCIDENT, you lacked probable cause to arrest TAYLOR for a violation of California Penal Code § 246.3(A).

**REQUEST NO. 54:**

Please admit that the charge against TAYLOR for a violation of California Penal Code § 246.3(A) was added to the INCIDENT report after YOU arrested TAYLOR.

///

///

**REQUEST NO. 55:**

Please admit that the only COMMUNICATION between YOU and BRIAN DAVID LOPEZ on June 24, 2017, occurred after TAYLOR'S arrest.

**REQUEST NO. 56:**

Please admit that the only COMMUNICATION between YOU and RHONDA LEE LOPEZ on June 24, 2017, occurred after TAYLOR'S arrest.

Dated: April 26, 2019          LAW OFFICES OF PANOS LAGOS

_____
Panos Lagos, Esq.
Attorneys for Plaintiffs,
MICHAEL SCOTT TAYLOR,
LORI MELVILLE

## **PROOF OF SERVICE BY MAIL**

I, the undersigned, declare:  I am employed in the City of Oakland, County of Alameda California; I am over the age of eighteen years and not a party to the within action.  My business address is: 5032 Woodminster Lane, Oakland, CA 94602.

On *April 26, 2019*, I served, in the manner indicated below, the within:

### *PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT KEVIN STEVENS, SET ONE*

individually on the interested parties in said action by placing true copies thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Deborah A. Byron | JAMES R. DONAHUE |
| Mart B. Oller IV | MICHAEL E. MYERS |
| McCormick, Barstow, Sheppard,  Wayte & Carruth LLP | STEPHEN J. MACKEY |
| 7647 North Fresno Street | DONAHUE · DAVIES LLP |
| Fresno, CA 93720 | Post Office Box 277010 |
| | Sacramento, CA 95827-7010 |
| Attorneys for Defendants | Attorneys for Defendants |
|   -  County of Calaveras, |   -  BRIAN DAVID LOPEZ and |
|      Calaveras County Sheriff Rick DiBasilio, |      RHONDA LEE LOPEZ |
|      Deputy Geoffrey Ramos, | |
|      Deputy Talya-Ann Mattos, | |
|      Deputy Kevin Stevens | |

X____ (*By Regular ___ Express Mail*) I caused such envelopes with postage thereon fully prepaid to be placed in the U.S. Mail at Oakland, California.

_____ (*By Certified Mail, Return Receipt Requested*), I caused such envelope(s), with postage thereon fully prepaid, and fees paid for certified mail and return of the attached receipt to be placed in the U.S. Mail at Oakland, California.

_____ (*By Federal Express*) I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

_____ (*By Personal Delivery*) I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

_____ (*By Facsimile and Subsequently by Mail*) I caused such copies to be sent with the same service.

_____ (*By Electronic Delivery (e-mail) and Subsequently by Mail*) I caused such copies to be sent with the same service.

I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service; it is deposited with the U.S. Post Service on that same day in the ordinary course of business.

///

1      I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct.  Executed on *April 26, 2019*, at Oakland, California.

3

4  ALICIA HUBBS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT  5

1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Deborah A. Byron, #105327
    *deborah.byron@mccormickbarstow.com*
3  Mart B. Oller IV, #149186
    *marty.oller@mccormickbarstow.com*
4  7647 North Fresno Street
   Fresno, California 93720
5  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
6
   Attorneys for Defendants COUNTY OF
7  CALAVERAS, CALAVERAS COUNTY
   SHERIFF RICK DIBASILIO; DEPUTY
8  GEOFFREY RAMOS; DEPUTY TALYA-ANN
   MATTOS; AND DEPUTY KEVIN STEVENS
9
                    UNITED STATES DISTRICT COURT
10
                    EASTERN DISTRICT OF CALIFORNIA
11

12
   MICHAEL SCOTT TAYLOR, LORI          | Case No. 1:18-CV-00760-BAM
13 MELVILLE,
                                        | **RESPONSE TO REQUESTS FOR**
14          Plaintiffs,                 | **ADMISSIONS, SET ONE**

15      v.                             | The Hon. Barbara A. McAuliffe

16 COUNTY OF CALAVERAS, a municipal    | Action Filed:   June 4, 2018
   corporation; CALAVERAS COUNTY       | Trial Date:     March 30, 2021
17 SHERIFF RICK DIBASILIO, individually
   and in his official capacity; Calaveras County
18 Sheriff's Department deputies GEOFFREY
   RAMOS (Badge No. #0368), TALYAANN
19 MATTOS (Badge No. #0370), KEVIN
   STEVENS (Badge No. 0242), individually and
20 in their official capacities; BRIAN DAVID
   LOPEZ, RHONDA LEE LOPEZ, and DOES 1
21 through 50, jointly and severally,

22          Defendants.

23

24 PROPOUNDING PARTY:        Plaintiffs, MICHAEL SCOTT TAYLOR and LORI MELVILLE

25 RESPONDING PARTY:         Defendant, GEOFFREY RAMOS

26 SET NO.:                  ONE

27      Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant, Deputy GEOFFREY

28 RAMOS ("Defendant" or "Responding Party"), and in response to the Request for Admissions, Set

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Objection. Vague and ambiguous as to "interest in investigating the merits of the call." Irrelevant as to what Responding Party may have been "interested" in.   The definition of "INCIDENT" is overbroad, vague and ambiguous, lacks foundation and calls for speculation in that it incorporates the actions of non-party law enforcement agencies and covers an irrelevant time period from "one to two years prior to June 24, 2017" to "July 29, 2017." Vague and uncertain as to "merits of the call" which could mean the investigation of the crime reported in the call or the investigation of the veracity of the 9-1-1 call itself.   Due to the ambiguity and uncertainty of the Request, Responding Party has insufficient knowledge or belief to Admit or Deny it.

**REQUEST FOR ADMISSION NO. 42:**

Please admit that, before placing someone under arrest following a call for service not involving imminent harm to anyone, YOU knew YOU had a duty to investigate the factual basis for that call.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Objection. Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law.  Overbroad, vague and ambiguous, incomplete hypothetical, calls for speculation, lacks foundation.  Assumes facts not in evidence that discharge of a weapon next to an occupied dwelling does not indicate "imminent harm."  Subject to said objections, Deny that an arrest for violations of Penal Code §§ 647(f)  and 148(a)(1) , as personally witnessed by Responding Party, invokes a duty to investigate a 9-1-1 call.

**REQUEST FOR ADMISSION NO. 43:**

Please admit that, before placing someone under arrest following a call for service not involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for that call.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Objection. Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law.  Overbroad, vague and ambiguous, incomplete hypothetical, calls for speculation, lacks foundation.  Assumes facts not in evidence that discharge of  weapon next to an

occupied dwelling does not indicate a "threat of harm." Subject to said objections, Deny that before an arrest for violations of Penal Code §§ 647(f) and 148(a)(1), as personally witnessed by Responding Party, there is a duty to investigate the factual basis for a 9-1-1 call.

**REQUEST FOR ADMISSION NO. 44:**

Please admit that, before placing someone under arrest following a call for service not involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for the alleged crime.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Objection. Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law. Overbroad, vague and ambiguous, incomplete hypothetical, calls for speculation, lacks foundation. Assumes facts not in evidence that the discharge of a weapon next to an occupied dwelling does not involve an "imminent threat of harm" to anyone. Subject to said objections, Deny that before an arrest for violations of Penal Code §§ 647(f) and 148(a)(1), as personally witnessed by Responding Party, there is a duty to investigate the factual basis for a report of a separate crime.

**REQUEST FOR ADMISSION NO. 45:**

Please admit that, before placing someone under arrest following a call for service not involving a threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for the alleged crime.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Objection. Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law. Overbroad, vague and ambiguous, incomplete hypothetical, calls for speculation, lacks foundation. Assumes facts not in evidence that the discharge of a weapon next to an occupied dwelling does not involve a "threat of harm" to anyone. Subject to said objections, Deny that before an arrest for violations of Penal Code §§ 647(f) and 148(a)(1), as personally witnessed by Responding Party, there is a duty to investigate the factual basis for a report of a separate crime.

**REQUEST FOR ADMISSION NO. 46:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

20                                1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1  had a duty to investigate the factual basis of the call for service by BRIAN DAVID LOPEZ.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

3       Objection.  Seeks to compel an admission of a conclusion of law because the existence of a

4  legal duty is a question of law.  Assumes facts not in evidence that BRIAN LOPEZ made a 9-1-1 call

5  for service on June 24, 2017.  Subject to said objections, Deny that Responding Party had a duty to

6  investigate the factual basis of a call for service that did not occur.

7  **REQUEST FOR ADMISSION NO. 47:**

8       Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU

9  had a duty to investigate the factual basis of the call for service by RHONDA LEE LOPEZ.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

11       Objection. Seeks to compel an admission of a conclusion of law because the existence of a

12  legal duty is a question of law.  Subject to said objection,  Deny that before placing TAYLOR under

13  arrest for violations of Penal Code §§ 647(f) and 148(a)(1), personally witnessed by Responding

14  Party, there was a duty to investigate the factual basis of RHONDA LOPEZ' call for service.

15  **REQUEST FOR ADMISSION NO. 48:**

16       Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU

17  had a duty to COMMUNICATE with BRIAN DAVID LOPEZ regarding the factual basis of the call

18  for service.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

20       Objection. Seeks to compel an admission of a conclusion of law because the existence of a

21  legal duty is a question of law. Subject to said objection,  Deny that before placing TAYLOR under

22  arrest for violations of Penal Code §§ 647(f) and 148(a)(1), Responding Party had a duty to

23  communicate directly with BRIAN LOPEZ.

24  **REQUEST FOR ADMISSION NO. 49:**

25       Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU

26  had a duty to COMMUNICATE with RHONDA LEE LOPEZ regarding the factual basis of the call

27  for service.

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

21

1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Objection. Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law. Subject to said objection, Deny that before placing TAYLOR under arrest for violations of Penal Code §§ 647(f) and 148(a)(1), Responding Party had a duty to communicate directly with RHONDA LOPEZ.

**REQUEST FOR ADMISSION NO. 50:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was arrested for a violation of California Penal Code § 647(F).

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Vague and ambiguous as to time. Subject to said objection, Admit that TAYLOR was already in handcuffs at the time of his arrest for violation of PC 647(f).

**REQUEST FOR ADMISSION NO. 51:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was arrested for a violation of California Penal Code § 148(A)(1).

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Vague and ambiguous as to time. Subject to said objection, Admit that TAYLOR was handcuffed during his arrest for violation of PC 148(a)(1).

**REQUEST FOR ADMISSION NO. 52:**

Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was not arrested for a violation of California Penal Code § 246.3(A).

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Vague and ambiguous as to time. Subject to said objection, Admit.

**REQUEST FOR ADMISSION NO. 53:**

Please admit that at the time of TAYLOR'S handcuffing on the date of the INCIDENT, you lacked probable cause to arrest TAYLOR for a violation of California Penal Code § 246.3(A).

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Objection. Vague and ambiguous as to time. Seeks to compel an admission of a conclusion of law. Irrelevant. TAYLOR was not arrested for violation of Penal Code § 246.3(a) at the time of

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

22

1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1  handcuffing.

2  **REQUEST FOR ADMISSION NO. 54:**

3    Please admit that the charge against TAYLOR for a violation of California Penal Code

4  § 246.3(A) was added to the INCIDENT report after YOU arrested TAYLOR.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

6    Objection.   Vague and ambiguous, lacks foundation, calls for speculation.   It cannot be

7  determined what "INCIDENT report" Plaintiffs refer to.  Subject to said objections, Admit there exists

8  a "Misdemeanor Report"  which was routed to the District Attorney that includes an offense under

9  Penal Code § 246.3(a) which was not cited on the CAD Incident Report No. 1706240110.

10  **REQUEST FOR ADMISSION NO. 55:**

11    Please admit that the only COMMUNICATION between YOU and BRIAN DAVID LOPEZ

12  on June 24, 2017, occurred after TAYLOR'S arrest.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

14    Deny. Pursuant to Plaintiffs' definition of COMMUNICATION, information from DAVID

15  LOPEZ and/or RHONDA LOPEZ was conveyed to Responding Party while enroute to the scene.

16  **REQUEST FOR ADMISSION NO. 56:**

17    Please admit that the only COMMUNICATION between YOU and RHONDA LEE LOPEZ

18  on June 24, 2017, occurred after TAYLOR'S arrest.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

20    Deny. Pursuant to Plaintiffs' definition of COMMUNICATION, information from DAVID

21  LOPEZ and/or RHONDA LOPEZ was conveyed to Responding PaRTY while enroute to the scene.

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

23    1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1  Dated: July 3, 2019

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

2

3

4  By: _____

Deborah A. Byron
Mart B. Oller IV

5

6  Attorneys for Defendants COUNTY OF
CALAVERAS, CALAVERAS COUNTY
SHERIFF RICK DIBASILIO; DEPUTY
GEOFFREY RAMOS; DEPUTY TALYA-ANN
MATTOS; AND DEPUTY KEVIN STEVENS

7

8

9  015800-000030 6045650.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

24                                    1:18-CV-00760-BAM
RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1

## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF FRESNO**

3          At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno
4  Street, Fresno, CA 93720.

5          On July 3, 2019, I served true copies of the following document(s) described as **RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE** on the interested parties in this action as follows:
6

7  Panos Lagos                                                  James R Donahue
   LAW OFFICES OF PANOS LAGOS              Stephen J. Mackey
   5032 Woodminster Lane                            Donahue Davies LLP
8  Oakland, CA 94602                                    1 Natoma Street
   Telephone:    (510) 530-4078                   Folsom, CA  95630
9  Facsimile:    (510) 530-4725                    Telephone:    916-817-2900
   panos@panoslagoslaw.com                     Facsimile:    916-817-2644
10                                                                  jdonahue@donahuedavies.com
   Attorneys for Plaintiffs MICHAEL SCOTT   smackey@donahuedavies.com
11 TAYLOR, LORI MELVILLE                      SGrajeda@donahuedavies.com

12                                                                  Attorneys  for  Defendants  Brian  David
                                                                    Lopez and Rhonda Lee Lopez
13

14         **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing,
15 following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is
16 placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

17         I declare under penalty of perjury under the laws of the State of California that the foregoing is
18 true and correct.

19         Executed on July 3, 2019, at Fresno, California.

20

21 _____
   Mary G. Ramirez

22

23

24

25

26

27

28

# EXHIBIT  6

McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Deborah A. Byron, #105327
  *deborah.byron@mccormickbarstow.com*
Mart B. Oller IV, #149186
  *marty.oller@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Defendants COUNTY OF
CALAVERAS, CALAVERAS COUNTY
SHERIFF RICK DIBASILIO; DEPUTY
GEOFFREY RAMOS; DEPUTY TALYA-ANN
MATTOS; AND DEPUTY KEVIN STEVENS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT TAYLOR, LORI MELVILLE, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF CALAVERAS, a municipal corporation; CALAVERAS COUNTY SHERIFF RICK DIBASILIO, individually and in his official capacity; Calaveras County Sheriff's Department deputies GEOFFREY RAMOS (Badge No. #0368), TALYAANN MATTOS (Badge No. #0370), KEVIN STEVENS (Badge No. 0242), individually and in their official capacities; BRIAN DAVID LOPEZ, RHONDA LEE LOPEZ, and DOES 1 through 50, jointly and severally, <br><br> Defendants. | Case No. 1:18-CV-00760-BAM <br><br> **RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE** <br><br> The Hon. Barbara A. McAuliffe <br><br> Action Filed:    June 4, 2018 <br> Trial Date:    March 30, 2021 |

PROPOUNDING PARTY:    Plaintiffs, MICHAEL SCOTT TAYLOR and LORI MELVILLE

RESPONDING PARTY:    Defendant, TALYAANN MATTOS

SET NO.:    ONE

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant, TALYA-ANN MATTOS

("Defendant" or "Responding Party"), and in response to the Request for Admissions, Set One,

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1   merits of the call for service before making CONTACT with PLAINTIFFS.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

3        Objection. Vague and ambiguous as to "interest in investigating the merits of the call."

4   Irrelevant as to what Responding Party may have been "interested" in.   The definition of

5   "INCIDENT" is overbroad, vague and ambiguous, lacks foundation and calls for speculation in that it

6   incorporates the actions of non-party law enforcement agencies and covers an irrelevant time period

7   from "one to two years prior to June 24, 2017" to "July 29, 2017." Vague and uncertain as to "merits

8   of the call" which could mean the investigation of the crime reported in the call or the investigation of

9   the veracity of the 9-1-1 call itself.   Due to the ambiguity and uncertainty of the Request, Responding

10   Party has insufficient knowledge or belief to Admit or Deny it.

11   **REQUEST FOR ADMISSION NO. 42:**

12        Please admit that, before placing someone under arrest following a call for service not

13   involving imminent harm to anyone, YOU knew YOU had a duty to investigate the factual basis for

14   that call.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

16        Objection. Seeks to compel an admission of a conclusion of law because the existence of a

17   legal duty is a question of law.   Overbroad, vague and ambiguous, incomplete hypothetical, calls for

18   speculation, lacks foundation.   Assumes facts not in evidence that discharge of a weapon next to an

19   occupied dwelling does not indicate "imminent harm."   Subject to said objections, Deny that an arrest

20   for violations of Penal Code §§ 647(f) and 148(a)(1) , as personally witnessed by Responding Party,

21   invokes a duty to investigate a 9-1-1 call.

22   **REQUEST FOR ADMISSION NO. 43:**

23        Please admit that, before placing someone under arrest following a call for service not

24   involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the

25   factual basis for that call.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

27        Objection. Seeks to compel an admission of a conclusion of law because the existence of a

28   legal duty is a question of law.   Overbroad, vague and ambiguous, incomplete hypothetical, calls for

speculation, lacks foundation.  Assumes facts not in evidence that discharge of weapon next to an occupied dwelling does not indicate a "threat of harm."  Subject to said objections, Deny that before an arrest for violations of Penal Code §§ 647(f) and 148(a)(1), as personally witnessed by Responding Party, there is a duty to investigate the factual basis for a 9-1-1 call.

**REQUEST FOR ADMISSION NO. 44:**

Please admit that, before placing someone under arrest following a call for service not involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for the alleged crime.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Objection. Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law.  Overbroad, vague and ambiguous, incomplete hypothetical, calls for speculation, lacks foundation.  Assumes facts not in evidence that the discharge of a weapon next to an occupied dwelling does not involve an "imminent threat of harm" to anyone.  Subject to said objections, Deny that before an arrest for violations of Penal Code §§ 647(f)  and 148(a)(1), as personally witnessed by Responding Party, there is a duty to investigate the factual basis for a separate crime.

**REQUEST FOR ADMISSION NO. 45:**

Please admit that, before placing someone under arrest following a call for service not involving a threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for the alleged crime.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Objection. Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law.  Overbroad, vague and ambiguous, incomplete hypothetical, calls for speculation, lacks foundation.  Assumes facts not in evidence that the discharge of a weapon next to an occupied dwelling does not involve a "threat of harm" to anyone.  Subject to said objections, Deny that before an arrest for violations of Penal Code §§ 647(f) and 148(a)(1), as personally witnessed by Responding Party, there is a duty to investigate the factual basis for a separate crime.

1    **REQUEST FOR ADMISSION NO. 46:**

2           Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU

3    had a duty to investigate the factual basis of the call for service by BRIAN DAVID LOPEZ.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

5           Objection. Seeks to compel an admission of a conclusion of law because the existence of a

6    legal duty is a question of law.  Assumes facts not in evidence that BRIAN LOPEZ made a 9-1-1 call

7    for service on June 24, 2017.  Subject to said objections, Deny that Responding Party had a duty to

8    investigate the factual basis of a call for service that did not occur.

9    **REQUEST FOR ADMISSION NO. 47:**

10          Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU

11   had a duty to investigate the factual basis of the call for service by RHONDA LEE LOPEZ.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

13          Objection. Seeks to compel an admission of a conclusion of law because the existence of a

14   legal duty is a question of law.  Subject to said objection,  Deny that before placing TAYLOR under

15   arrest for violations of Penal Code §§ 647(f) and 148(a)(1), Responding Party had a duty to investigate

16   the factual basis of RHONDA LOPEZ' call for service.

17   **REQUEST FOR ADMISSION NO. 48:**

18          Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU

19   had a duty to COMMUNICATE with BRIAN DAVID LOPEZ regarding the factual basis of the call

20   for service.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

22          Objection. Seeks to compel an admission of a conclusion of law because the existence of a

23   legal duty is a question of law. Subject to said objection,  Deny that before placing TAYLOR under

24   arrest for violations of Penal Code §§ 647(f) and 148(a)(1), Responding Party had a duty to

25   communicate directly with BRIAN LOPEZ.

26   **REQUEST FOR ADMISSION NO. 49:**

27          Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU

28   had a duty to COMMUNICATE with RHONDA LEE LOPEZ regarding the factual basis of the call

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

21                                                    1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1    for service.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

3         Objection. Seeks to compel an admission of a conclusion of law because the existence of a

4 legal duty is a question of law. Subject to said objection, Deny that before placing TAYLOR under

5 arrest for violations of Penal Code §§ 647(f) and 148(a)(1), Responding Party had a duty to

6 communicate directly with RHONDA LOPEZ.

7    **REQUEST FOR ADMISSION NO. 50:**

8         Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was

9 arrested for a violation of California Penal Code § 647(F).

10    **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

11         Objection. Vague and ambiguous as to time. Subject to said objection, Admit that TAYLOR

12 was already in handcuffs at the time of his arrest for violation of PC 647(f).

13    **REQUEST FOR ADMISSION NO. 51:**

14         Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was

15 arrested for a violation of California Penal Code § 148(A)(1).

16    **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

17         Objection. Vague and ambiguous as to time. Subject to said objection, Admit that TAYLOR

18 was handcuffed during his arrest for violation of PC 148(a)(1).

19    **REQUEST FOR ADMISSION NO. 52:**

20         Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was not

21 arrested for a violation of California Penal Code § 246.3(A).

22    **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

23         Objection. Vague and ambiguous as to time. Subject to said objection, Admit.

24    **REQUEST FOR ADMISSION NO. 53:**

25         Please admit that at the time of TAYLOR'S handcuffing on the date of the INCIDENT, you

26 lacked probable cause to arrest TAYLOR for a violation of California Penal Code § 246.3(A).

27    **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

28         Objection. Vague and ambiguous as to time. Seeks to compel an admission of a conclusion of

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

22      1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1  law.  Irrelevant.  TAYLOR was not arrested for violation of Penal Code § 246.3(a) at the time of

2  handcuffing.

3  **REQUEST FOR ADMISSION NO. 54:**

4      Please admit that the charge against TAYLOR for a violation of California Penal Code

5  § 246.3(A) was added to the INCIDENT report after YOU arrested TAYLOR.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

7      Objection.  Vague and ambiguous, lacks foundation, calls for speculation.  It cannot be

8  determined what "INCIDENT report" Plaintiffs refer to.  Subject to said objections, Admit there exists

9  a "Misdemeanor Report"  which was routed to the District Attorney that includes an offense under

10  Penal Code § 246.3(a) which was not cited on the CAD Incident Report No. 1706240110.

11  **REQUEST FOR ADMISSION NO. 55:**

12      Please admit that the only COMMUNICATION between YOU and BRIAN DAVID LOPEZ

13  on June 24, 2017, occurred after TAYLOR'S arrest.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

15      Deny. Pursuant to Plaintiffs' definition of COMMUNICATION, information from DAVID

16  LOPEZ and/or RHONDA LOPEZ was conveyed to me while enroute to the scene.

17  **REQUEST FOR ADMISSION NO. 56:**

18      Please admit that the only COMMUNICATION between YOU and RHONDA LEE LOPEZ

19  on June 24, 2017, occurred after TAYLOR'S arrest.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

21      Deny. Pursuant to Plaintiffs' definition of COMMUNICATION, information from DAVID

22  LOPEZ and/or RHONDA LOPEZ was conveyed to me while enroute to the scene.

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

23

1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1   Dated: July 3, 2019

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

2

3

4   By: _____

5   Deborah A. Byron
Mart B. Oller IV

6   Attorneys for Defendants COUNTY OF
CALAVERAS, CALAVERAS COUNTY

7   SHERIFF RICK DIBASILIO; DEPUTY
GEOFFREY RAMOS; DEPUTY TALYA-ANN

8   MATTOS; AND DEPUTY KEVIN STEVENS

9   015800-000030 6045940.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

24                                   1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On July 3, 2019, I served true copies of the following document(s) described as **RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE** on the interested parties in this action as follows:

Panos Lagos
LAW OFFICES OF PANOS LAGOS
5032 Woodminster Lane
Oakland, CA 94602
Telephone:    (510) 530-4078
Facsimile:    (510) 530-4725
panos@panoslagoslaw.com

Attorneys for Plaintiffs MICHAEL SCOTT
TAYLOR, LORI MELVILLE

James R Donahue
Stephen J. Mackey
Donahue Davies LLP
1 Natoma Street
Folsom, CA 95630
Telephone:    916-817-2900
Facsimile:    916-817-2644
jdonahue@donahuedavies.com
smackey@donahuedavies.com
SGrajeda@donahuedavies.com

Attorneys for Defendants Brian David
Lopez and Rhonda Lee Lopez

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 3, 2019, at Fresno, California.

Mary G. Ramirez

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

# EXHIBIT  7

1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Deborah A. Byron, #105327
    *deborah.byron@mccormickbarstow.com*
3  Mart B. Oller IV, #149186
    *marty.oller@mccormickbarstow.com*
4  7647 North Fresno Street
   Fresno, California 93720
5  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
6
   Attorneys for Defendants COUNTY OF
7  CALAVERAS, CALAVERAS COUNTY
   SHERIFF RICK DIBASILIO; DEPUTY
8  GEOFFREY RAMOS; DEPUTY TALYA-ANN
   MATTOS; AND DEPUTY KEVIN STEVENS
9
                    UNITED STATES DISTRICT COURT
10
                   EASTERN DISTRICT OF CALIFORNIA
11

12
   MICHAEL SCOTT TAYLOR, LORI          Case No. 1:18-CV-00760-BAM
13 MELVILLE,
                                        **RESPONSE TO REQUEST FOR**
14            Plaintiffs,               **ADMISSIONS, SET ONE**

15      v.                              The Hon. Barbara A. McAuliffe

16 COUNTY OF CALAVERAS, a municipal     Action Filed:   June 4, 2018
   corporation; CALAVERAS COUNTY        Trial Date:     March 30, 2021
17 SHERIFF RICK DIBASILIO, individually
   and in his official capacity; Calaveras County
18 Sheriff's Department deputies GEOFFREY
   RAMOS (Badge No. #0368), TALYAANN
19 MATTOS (Badge No. #0370), KEVIN
   STEVENS (Badge No. 0242), individually and
20 in their official capacities; BRIAN DAVID
   LOPEZ, RHONDA LEE LOPEZ, and DOES 1
21 through 50, jointly and severally,

22            Defendants.

23

24 PROPOUNDING PARTY:      Plaintiffs, MICHAEL SCOTT TAYLOR and LORI MELVILLE

25 RESPONDING PARTY:       Defendant, KEVIN STEVENS

26 SET NO.:                ONE

27      Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant, KEVIN STEVENS

28 ("Defendant" or "Responding Party"), and in response to the Request for Admissions, Set One,

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1  merits of the call for service before making CONTACT with PLAINTIFFS.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

3  Objection. Vague and ambiguous as to "interest in investigating the merits of the call."

4  Irrelevant as to what Responding Party may have been "interested" in.  The definition of

5  "INCIDENT" is overbroad, vague and ambiguous, lacks foundation and calls for speculation in that it

6  incorporates the actions of non-party law enforcement agencies and covers an irrelevant time period

7  from "one to two years prior to June 24, 2017" to "July 29, 2017." Vague and uncertain as to "merits

8  of the call" which could mean the investigation of the crime reported in the call or the investigation of

9  the veracity of the 9-1-1 call itself.  Due to the ambiguity and uncertainty of the Request, Responding

10  Party has insufficient knowledge or belief to Admit or Deny it.

11  **REQUEST FOR ADMISSION NO. 42:**

12  Please admit that, before placing someone under arrest following a call for service not

13  involving imminent harm to anyone, YOU knew YOU had a duty to investigate the factual basis for

14  that call.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

16  Objection. Seeks to compel an admission of a conclusion of law because the existence of a

17  legal duty is a question of law.  Overbroad, vague and ambiguous, incomplete hypothetical, calls for

18  speculation, lacks foundation.  Assumes facts not in evidence that discharge of a weapon next to an

19  occupied dwelling does not indicate "imminent harm." Subject to said objections, Deny that an arrest

20  for violations of Penal Code §§ 647(f) and 148(a)(1) , as personally witnessed by Responding Party,

21  invokes a duty to investigate a 9-1-1 call.

22  **REQUEST FOR ADMISSION NO. 43:**

23  Please admit that, before placing someone under arrest following a call for service not

24  involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the

25  factual basis for that call.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

27  Objection. Seeks to compel an admission of a conclusion of law because the existence of a

28  legal duty is a question of law.  Overbroad, vague and ambiguous, incomplete hypothetical, calls for

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

19                                    1:18-CV-00760-BAM
RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1  speculation, lacks foundation.  Assumes facts not in evidence that discharge of weapon next to an

2  occupied dwelling does not indicate a "threat of harm."  Subject to said objections, Deny that before

3  an arrest for violations of Penal Code §§ 647(f) and 148(a)(1), as personally witnessed by Responding

4  Party, there is a duty to investigate the factual basis for a 9-1-1 call.

5  **REQUEST FOR ADMISSION NO. 44:**

6      Please admit that, before placing someone under arrest following a call for service not

7  involving an imminent threat of harm to anyone, YOU knew YOU had a duty to investigate the

8  factual basis for the alleged crime.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

10      Objection. Seeks to compel an admission of a conclusion of law because the existence of a

11  legal duty is a question of law.  Overbroad, vague and ambiguous, incomplete hypothetical, calls for

12  speculation, lacks foundation.  Assumes facts not in evidence that the discharge of a weapon next to

13  an occupied dwelling does not involve an "imminent threat of harm" to anyone.  Subject to said

14  objections, Deny that before an arrest for violations of Penal Code §§ 647(f)  and 148(a)(1), as

15  personally witnessed by Responding Party, there is a duty to investigate the factual basis for a report

16  of a separate crime.

17  **REQUEST FOR ADMISSION NO. 45:**

18      Please admit that, before placing someone under arrest following a call for service not

19  involving a threat of harm to anyone, YOU knew YOU had a duty to investigate the factual basis for

20  the alleged crime.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

22      Objection. Seeks to compel an admission of a conclusion of law because the existence of a

23  legal duty is a question of law.  Overbroad, vague and ambiguous, incomplete hypothetical, calls for

24  speculation, lacks foundation.  Assumes facts not in evidence that the discharge of a weapon next to

25  an occupied dwelling does not involve a "threat of harm" to anyone.  Subject to said objections, Deny

26  that before an arrest for violations of Penal Code §§ 647(f)  and 148(a)(1), as personally witnessed by

27  Responding Party, there is a duty to investigate the factual basis for a report of a separate crime.

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

20                                    1:18-CV-00760-BAM
RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

**REQUEST FOR ADMISSION NO. 46:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to investigate the factual basis of the call for service by BRIAN DAVID LOPEZ.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Objection. Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law. Assumes facts not in evidence that BRIAN LOPEZ made a 9-1-1 call for service on June 24, 2017. Subject to said objections, Deny that Responding Party had a duty to investigate the factual basis of a call for service that did not occur.

**REQUEST FOR ADMISSION NO. 47:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to investigate the factual basis of the call for service by RHONDA LEE LOPEZ.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Objection. Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law. Subject to said objection, Deny that before placing TAYLOR under arrest for violations of Penal Code §§ 647(f) and 148(a)(1), Responding Party had a duty to investigate the factual basis of RHONDA LOPEZ' call for service.

**REQUEST FOR ADMISSION NO. 48:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to COMMUNICATE with BRIAN DAVID LOPEZ regarding the factual basis of the call for service.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Objection. Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law. Subject to said objection, Deny that before placing TAYLOR under arrest for violations of Penal Code §§ 647(f) and 148(a)(1), Responding Party had a duty to communicate directly with BRIAN LOPEZ.

**REQUEST FOR ADMISSION NO. 49:**

Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to COMMUNICATE with RHONDA LEE LOPEZ regarding the factual basis of the call

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

21

1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

·1    for service.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

3         Objection.  Seeks to compel an admission of a conclusion of law because the existence of a

4    legal duty is a question of law.  Subject to said objection, Deny that before placing TAYLOR under

5    arrest for violations of Penal Code §§ 647(f) and 148(a)(1), Responding Party had a duty to

6    communicate directly with RHONDA LOPEZ.

7    **REQUEST FOR ADMISSION NO. 50:**

8         Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was

9    arrested for a violation of California Penal Code § 647(F).

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

11        Objection. Vague and ambiguous as to time.  Subject to said objection, Admit that TAYLOR

12   was already in handcuffs at the time of his arrest for violation of PC 647(f).

13   **REQUEST FOR ADMISSION NO. 51:**

14        Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was

15   arrested for a violation of California Penal Code § 148(A)(1).

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

17        Objection. Vague and ambiguous as to time.  Subject to said objection, Admit that TAYLOR

18   was handcuffed during his arrest for violation of PC 148(a)(1).

19   **REQUEST FOR ADMISSION NO. 52:**

20        Please admit that, at the time of TAYLOR'S handcuffing on June 24, 2017, TAYLOR was not

21   arrested for a violation of California Penal Code § 246.3(A).

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

23        Objection. Vague and ambiguous as to time.  Subject to said objection, Admit.

24   **REQUEST FOR ADMISSION NO. 53:**

25        Please admit that at the time of TAYLOR'S handcuffing on the date of the INCIDENT, you

26   lacked probable cause to arrest TAYLOR for a violation of California Penal Code § 246.3(A).

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

28        Objection.  Seeks to compel an admission of a conclusion of law.  Irrelevant.  TAYLOR was

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

22

1:18-CV-00760-BAM

RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1    not arrested for violation of Penal Code § 246.3(a) at the time of handcuffing.

2    **REQUEST FOR ADMISSION NO. 54:**

3       Please admit that the charge against TAYLOR for a violation of California Penal Code

4    § 246.3(A) was added to the INCIDENT report after YOU arrested TAYLOR.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

6       Objection.  Vague and ambiguous, lacks foundation, calls for speculation.  It cannot be

7    determined what "INCIDENT report" Plaintiffs refer to.  Subject to said objections, Admit there exists

8    a "Misdemeanor Report"  which was routed to the District Attorney that includes an offense under

9    Penal Code § 246.3(a) which was not cited on the CAD Incident Report No. 1706240110.

10    **REQUEST FOR ADMISSION NO. 55:**

11       Please admit that the only COMMUNICATION between YOU and BRIAN DAVID LOPEZ

12    on June 24, 2017, occurred after TAYLOR'S arrest.

13    **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

14       Deny. Pursuant to Plaintiffs' definition of COMMUNICATION, information from DAVID

15    LOPEZ and/or RHONDA LOPEZ was conveyed to Responding Party while enroute to the scene.

16    Admit that direct contact with DAVID LOPEZ occurred after TAYLOR'S arrest.

17    **REQUEST FOR ADMISSION NO. 56:**

18       Please admit that the only COMMUNICATION between YOU and RHONDA LEE LOPEZ

19    on June 24, 2017, occurred after TAYLOR'S arrest.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

21       Deny. Pursuant to Plaintiffs' definition of COMMUNICATION, information from DAVID

22    LOPEZ and/or RHONDA LOPEZ was conveyed to Responding Party while enroute to the scene.

23    Admit that direct contact with RHONDA LOPEZ occurred after TAYLOR'S arrest.

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1:18-CV-00760-BAM

Dated:  July 3, 2019

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP


By: _____

Deborah A. Byron
Mart B. Oller IV
Attorneys for Defendants COUNTY OF
CALAVERAS, CALAVERAS COUNTY
SHERIFF RICK DIBASILIO; DEPUTY
GEOFFREY RAMOS; DEPUTY TALYA-ANN
MATTOS; AND DEPUTY KEVIN STEVENS

015800-000030 6046130.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

24                                1:18-CV-00760-BAM
RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

1

## **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA, COUNTY OF FRESNO**

3      At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno
4 Street, Fresno, CA 93720.

5      On July 3, 2019, I served true copies of the following document(s) described as **RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE** on the interested parties in this action as follows:
6

7 Panos Lagos                                          James R Donahue
  LAW OFFICES OF PANOS LAGOS        Stephen J. Mackey
  5032 Woodminster Lane                    Donahue Davies LLP
8 Oakland, CA 94602                           1 Natoma Street
  Telephone:     (510) 530-4078         Folsom, CA 95630
9 Facsimile:      (510) 530-4725         Telephone:     916-817-2900
  panos@panoslagoslaw.com              Facsimile:      916-817-2644
10                                                         jdonahue@donahuedavies.com
  Attorneys for Plaintiffs MICHAEL SCOTT   smackey@donahuedavies.com
11 TAYLOR, LORI MELVILLE               SGrajeda@donahuedavies.com

12                                                         Attorneys  for  Defendants  Brian  David
                                                         Lopez and Rhonda Lee Lopez
13

14      **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing,
15 following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is
16 placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

17      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
18

19      Executed on July 3, 2019, at Fresno, California.

20

21      _____
        Mary G. Ramirez

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

# EXHIBIT  8

## Panos Lagos

| | |
|---|---|
| **From:** | Deborah Byron <Deborah.Byron@mccormickbarstow.com> |
| **Sent:** | Wednesday, July 10, 2019 5:22 PM |
| **To:** | Panos Lagos |
| **Cc:** | Mary Ramirez; Marty Oller; Laura Wolfe |
| **Subject:** | RE: Initiation of the "meet and confer" process. |

| | |
|---|---|
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

Continuing my response to your meet-and-confer attempt, I believe the reference to CCSO training is overbroad.  There are undoubtedly areas of training  which would have absolutely nothing to do with the facts of your case.  That said, I did not withhold training materials in the County's possession except for training records generated for Geoffrey Ramos before he was a deputy.  If you think you are entitled to those records, please tell me why.  There are no records for Mattos because she does not work for Calaveras County anymore, and we produced Stevens' records. It is my understanding that P.O.S.T. records are not maintained by the County, nor do the officers have possession of those materials.



**DEBORAH  BYRON**
Attorney

McCormick Barstow, LLP
7647 North Fresno Street
P.O. Box 28912
Fresno, CA 93729-8912
(559) 433-1300 main
(559) 433-2300 fax

Deborah.Byron@mccormickbarstow.com

---

**From:** Panos Lagos [mailto:panos@panoslagoslaw.com]
**Sent:** Wednesday, July 10, 2019 11:16 AM
**To:** Deborah Byron; Marty Oller
**Cc:** Alicia Hubbs
**Subject:** Initiation of the "meet and confer" process.

Deborah:Upon reading Mr. Ramos' response to Interrogatory #6 noting the missing referenced Exhibit being his noted page of his reporting,you are correct.We will be re-propounding accordingly.Your cllient's response to our Requests for Admissions that the referenced exhibit was not attached is not correct.
My paralegal scans the completed document before service.Our scanned document confirms the attachment was included to you.
You know what the particular document is and and I ask that you respond to the objected-to Requests per the noted relevant discovery Rules (26 and 36).
With respect to your objections to particular Requests that "CCSO training" is overbroad is not well taken.Training is not a word that is ambiguous.It is the action of teaching a person a particular skill or type of behavior.Look it up.
In response to your objection that the definition of INCIDENT is overbroad,vague,and ambiguous notwithstanding our reference to the noted charging paragraphs of the Complaint,I will agree to limit it as you suggest.We are referring to the arrest and detention of Mr. Taylor on June 24, 2017.

Please provide responses to the Requests propounded on all three of your deputy clients ie Ramos,Stevens,and Mattos given the identical objections and lack of response for each of them.

Given the substantial time you requested and that I agreed to give you in responding to these Requests,I don't see why we cannot receive appropriate supplemental responses within two weeks of today.

I ask for your prompt written response as to your position for obvious reasons.

Panos


Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

## Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602


This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**Panos Lagos**

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Wednesday, July 10, 2019 11:16 AM |
| **To:** | Deborah Byron; Marty Oller |
| **Cc:** | Alicia Hubbs |
| **Subject:** | Initiation of the "meet and confer" process. |

Deborah:Upon reading Mr. Ramos' response to Interrogatory #6 noting the missing referenced Exhibit being his noted page of his reporting,you are correct.We will be re-propounding accordingly.Your cllient's response to our Requests for Admissions that the referenced exhibit was not attached is not correct.

My paralegal scans the completed document before service.Our scanned document confirms the attachment was included to you.

You know what the particular document is and I ask that you respond to the objected-to Requests per the noted relevant discovery Rules (26 and 36).

With respect to your objections to particular Requests that "CCSO training" is overbroad is not well taken.Training is not a word that is ambiguous.It is the action of teaching a person a particular skill or type of behavior.Look it up.

In response to your objection that the definition of INCIDENT is overbroad,vague,and ambiguous notwithstanding our reference to the noted charging paragraphs of the Complaint,I will agree to limit it as you suggest.We are referring to the arrest and detention of Mr. Taylor on June 24, 2017.

Please provide responses to the Requests propounded on all three of your deputy clients ie Ramos,Stevens,and Mattos given the identical objections and lack of response for each of them.

Given the substantial time you requested and that I agreed to give you in responding to these Requests,I don't see why we cannot receive appropriate supplemental responses within two weeks of today.

I ask for your prompt written response as to your position for obvious reasons.

Panos


Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**Panos Lagos**

| | |
|---|---|
| **From:** | Deborah Byron <Deborah.Byron@mccormickbarstow.com> |
| **Sent:** | Wednesday, July 10, 2019 11:31 AM |
| **To:** | Panos Lagos |
| **Cc:** | Mary Ramirez; Marty Oller; Alicia Hubbs |
| **Subject:** | RE: Initiation of the "meet and confer" process. |

Good Morning:

I will respond to this message after I have had a chance to look at the discovery.  I was not trying to be difficult by noting the missing exhibit in interrogatories to Mr. Ramos.  It would be careless of me to admit to the authenticity of a document purportedly attached to discovery which is not there.  Attaching the exhibits to the Requests for Admission does not resolve the problem because the admission requests refer to the interrogatories.  My guess is that the exhibits attached to the RFAs were meant for Mr. Ramos' interrogatories.  Once you have re-served interrogatories with the attached exhibits, the problem should be resolved.  I will respond further as noted.



**DEBORAH  BYRON**
Attorney

McCormick Barstow, LLP
7647 North Fresno Street
P.O. Box 28912
Fresno, CA 93729-8912
(559) 433-1300 main
(559) 433-2300 fax

Deborah.Byron@mccormickbarstow.com

**From:** Panos Lagos [mailto:panos@panoslagoslaw.com]
**Sent:** Wednesday, July 10, 2019 11:16 AM
**To:** Deborah Byron; Marty Oller
**Cc:** Alicia Hubbs
**Subject:** Initiation of the "meet and confer" process.

Deborah:Upon reading Mr. Ramos' response to Interrogatory #6 noting the missing referenced Exhibit being his noted page of his reporting,you are correct.We will be re-propounding accordingly.Your cllient's response to our Requests for Admissions that the referenced exhibit was not attached is not correct.

My paralegal scans the completed document before service.Our scanned document confirms the attachment was included to you.

You know what the particular document is and and I ask that you respond to the objected-to Requests per the noted relevant discovery Rules (26 and 36).

With respect to your objections to particular Requests that "CCSO training" is overbroad is not well taken.Training is not a word that is ambiguous.It is the action of teaching a person a particular skill or type of behavior.Look it up.

In response to your objection that the definition of INCIDENT is overbroad,vague,and ambiguous notwithstanding our reference to the noted charging paragraphs of the Complaint,I will agree to limit it as you suggest.We are referring to the arrest and detention of Mr. Taylor on June 24, 2017.

Please provide responses to the Requests propounded on all three of your deputy clients ie Ramos,Stevens,and Mattos given the identical objections and lack of response for each of them.

Given the substantial time you requested and that I agreed to give you in responding to these Requests,I don't see why we cannot receive appropriate supplemental responses within two weeks of today.

I ask for your prompt written response as to your position for obvious reasons.

Panos

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

Panos Lagos

5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

# EXHIBIT  9

**Panos Lagos**

| | |
|---|---|
| **From:** | Deborah Byron <Deborah.Byron@mccormickbarstow.com> |
| **Sent:** | Thursday, July 11, 2019 11:56 AM |
| **To:** | Panos Lagos |
| **Cc:** | Mary Ramirez; Marty Oller; Alicia Hubbs; Laura Wolfe |
| **Subject:** | RE: Initiation of the "meet and confer" process. |

Panos,

Re the Requests for Admission to the individual officers, the problem is not only with the definition of INCIDENT.  A distinction among "policies, procedures, guidelines and training" is uncertain.  I really can't distinguish them and neither can the officers.  Moreover, you do not specify any particular conduct under scrutiny.  My clients will admit that they are unaware of any deviation from policies, etc., but the requests are unfair as worded since it can't be determined what the underlying directives are and whether they are applicable to any relevant conduct.  There may be P.O.S.T. "guidelines" which Sgt. Stevens was instructed on 16 years ago which he may have no recollection of. They may have nothing to do with the conduct at issue, but a blanket admission could be used by you at a later time to say, "Aha, he didn't follow vehicle parking procedures outlined in P.O.S.T. training."  I think you can see what my problem is.  As noted, given the limited definition of INCIDENT, an admission that responding parties are unaware of any deviation from training, etc., is the most direct response we can make.



**DEBORAH  BYRON**
Attorney

McCormick Barstow, LLP
7647 North Fresno Street
P.O. Box 28912
Fresno, CA 93729-8912
(559) 433-1300 main
(559) 433-2300 fax

Deborah.Byron@mccormickbarstow.com

**From:** Panos Lagos [mailto:panos@panoslagoslaw.com]
**Sent:** Wednesday, July 10, 2019 11:16 AM
**To:** Deborah Byron; Marty Oller
**Cc:** Alicia Hubbs
**Subject:** Initiation of the "meet and confer" process.

Deborah:Upon reading Mr. Ramos' response to Interrogatory #6 noting the missing referenced Exhibit being his noted page of his reporting,you are correct.We will be re-propounding accordingly.Your cllient's response to our Requests for Admissions that the referenced exhibit was not attached is not correct.
My paralegal scans the completed document before service.Our scanned document confirms the attachment was included to you.
You know what the particular document is and and I ask that you respond to the objected-to Requests per the noted relevant discovery Rules (26 and 36).
With respect to your objections to particular Requests that "CCSO training" is overbroad is not well taken.Training is not a word that is ambiguous.It is the action of teaching a person a particular skill or type of behavior.Look it up.
In response to your objection that the definition of INCIDENT is overbroad,vague,and ambiguous notwithstanding our reference to the noted charging paragraphs of the Complaint,I will agree to limit it as you suggest.We are referring to

the arrest and detention of Mr. Taylor on June 24, 2017.

Please provide responses to the Requests propounded on all three of your deputy clients ie Ramos,Stevens,and Mattos given the identical objections and lack of response for each of them.

Given the substantial time you requested and that I agreed to give you in responding to these Requests,I don't see why we cannot receive appropriate supplemental responses within two weeks of today.

I ask for your prompt written response as to your position for obvious reasons.

Panos


Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602


This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**Panos Lagos**

---

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Thursday, July 11, 2019 1:44 PM |
| **To:** | Alicia Hubbs |
| **Subject:** | RE: Initiation of the "meet and confer" process. |

Deborah:It appears that I was not clear in my communication commencing the meet and confer process.
The only discovery propounded upon the officers that was missing an exhibit was Interrogatory number 6 to deputy Ramos.I note that you could have still answered it.You knew what document I was referring to since you sent it to me and the remaining deputy defendants had their reporting of the incident attached.You will get it re-propounded accordingly.

Just like the Requests for Admissions propounded on Deputies Mattos and Stevens,Ramos' Requests also had the appropriate exhibit attached.We know this for the reasons mentioned in my first communication.Therefore,we want appropriate responses to the erroneously-based objection to Mr. Ramos' Requests (to be clear,I am referring to requests 1-3).

Contrary to your July 10 e-mail,the requests do not refer to the interrogatories.

I have earlier stated that we are referring to the arrest and detention of Mr. Taylor on June 24,2017 per your suggestion.I have defined "training".To the extent you are claiming ambiguity on the grounds that we have to identify your client's training is illogical.Whatever his training consisted of,your client's can (or should) be able to admit that they were in compliance with it (or not) regarding the subject incident even though training consists of a broad range of subject areas.Your clients,not mine,are aware of the training they were given by CCSO.

In like response to your objections to CCSO policies,procedures,and guidelines,your clients are (or should be) aware of what they are.Likewise with POST training,guidelines,policies and procedures and related requests.

Given our definition of incident limited to the June 24 contact,your objection of relevancy,overbroadness and uncertainty are unavailable particularly where we have clearly further limited the time frame to,for example, "..after being dispatched….on the date of the incident….and up to the time you made contact with Taylor.." (Requests 12-15), or "..after being dispatched…on the date of the incident..(No. 16),or "after to [sic] making contact with plaintiffs…"(17-21).

With respect to your responses to requests nos. 27-28,they do not comply with Rule 36(a)(4) which mandates that,if the matter is not admitted,the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.The "matter" which is the subject of the requests is whether or not your client had the opportunity to personally contact the Lopez not,as your illegal response restates "..I would have personally contacted ……".The responding party does not have the right to restate the substance of the request.Your client's purported denial does not "…fairly respond to the substance of the matter.."((a)(4)).

Requests nos. 29-30 suffer the same infirmity with the subject matter stated differently as the "opportunity to personally interview"..the Lopez.

The same infirmities exist with your responses to request nos. 35-36.The subject matter of these requests are communications had or not had between your client and the Lopez before contact was made with my clients.Instead,we read that your client had "…information…..conveyed …before…contact with plaintiffs.."

Again,Rule 36 is violated when the subject matter is whether or not your client had any interest in communicating with the Lopez before contact was made with my clients (requests 37-40) as opposed to reading about your client's "..first priority was to make the scene safe and to speak to …. to investigate the report of unlawful discharge of weapon,which did not call for immediate contact with ..".

With respect to your failure to respond to request no. 41 and your objection that "merits of the call" is vague and uncertain,we are referring to,as you  put it in your "response", "..the investigation of the crime reported in the call..".To the extent your client's refusal to admit or deny this request is based on your stated "..insufficient knowledge..",the Rule requires that your client state that he/she has (..made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."Your client has failed to so state.

Going on to requests nos. 42-49 asking for your client's admission on very specific subject mattes as stated,your client proceeds to tell us his view of his duties in a totally separate subject area thereby subjecting this response to the same

aforenoted infirmity under the Rule.Your objections are noted but do not relieve your client of the duty to admit or deny this request.Your client may assert lack of knowledge or,in good faith,articulate reasons why he/she cannot comply with the Rule.Your objection that the request calls for a conclusion of law is incorrect on its face.Peace officers are extensively (supposedly) trained to react in a certain specified manner to specific encounters,incidents,and,in our case,calls for service.In many if not most regards,the officer/deputy has little or no discretion but to follow a mandated course of action…such as talking first with the caller requesting service ie investigate the merits of the call before contacting the perpetrator of the claimed crime.In many instances,the officer/deputy is mandated to act in certain ways.Asking your client for his perceived duty under the stated parameters of the request is,in no way,asking for a "conclusion of law"…which,by the way,would,if true,never be relevant nor usurp the Court's authority and discretion to do whatever it deemed appropriate with the response.

Your client's response to request no. 53 suffers the same infirmity noted throughout this communicatioin.Asking your client that he lacked probable cause to arrest for a violation of a crime is not asking for a conclusion of law.The existence of probable cause is an issue of fact.No one is asking your client to interpret a statute.Your objection,such as it is,does not excuse your client from responding in accordance with the Rule.

With regard to request no. 54,"INCIDENT report" is referring to the events occurring on June 24,2017 between your clients and mine.The substance and matter which is the subject of the request is clear and is not addressed (again) by your client's response … which need not be repeated at this time.We make clear that we want your client to admit that Mr. Taylor was not arrested for a violation of PC246.3(a).

Not surprisingly,requests nos. 54-56 violate the Rule for the reasons already stated.These requests clearly refer to communication,as defined,between your client and the Lopez as of specified times.The request is not asking about communications about your client and/or the Lopez.

With respect to your responses to our Rule 34 Request for Production of Documents,the Rule requires that,to the extent of any objection,the objectiong party must state whether any rewponsive materials are being withheld on the basis of that objection (34(b)(2)(C).Please provide that information in your supplemental responses.

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

Panos Lagos

5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**From:** Deborah Byron <Deborah.Byron@mccormickbarstow.com>
**Sent:** Wednesday, July 10, 2019 5:22 PM
**To:** Panos Lagos <panos@panoslagoslaw.com>
**Cc:** Mary Ramirez <Mary.Ramirez@mccormickbarstow.com>; Marty Oller <Marty.Oller@mccormickbarstow.com>; Laura Wolfe <Laura.Wolfe@mccormickbarstow.com>
**Subject:** RE: Initiation of the "meet and confer" process.

Continuing my response to your meet-and-confer attempt, I believe the reference to CCSO training is overbroad.  There are undoubtedly areas of training  which would have absolutely nothing to do with the facts of your case.  That said, I did not withhold training materials in the County's possession except for training records generated for Geoffrey Ramos before he was a deputy.  If you think you are entitled to those records, please tell me why.  There are no records for Mattos because she does not work for Calaveras County anymore, and we produced Stevens' records. It is my

understanding that P.O.S.T. records are not maintained by the County, nor do the officers have possession of those materials.



**DEBORAH BYRON**
Attorney

McCormick Barstow, LLP
7647 North Fresno Street
P.O. Box 28912
Fresno, CA 93729-8912
(559) 433-1300 main
(559) 433-2300 fax

Deborah.Byron@mccormickbarstow.com

---

**From:** Panos Lagos [mailto:panos@panoslagoslaw.com]
**Sent:** Wednesday, July 10, 2019 11:16 AM
**To:** Deborah Byron; Marty Oller
**Cc:** Alicia Hubbs
**Subject:** Initiation of the "meet and confer" process.

Deborah:Upon reading Mr. Ramos' response to Interrogatory #6 noting the missing referenced Exhibit being his noted page of his reporting,you are correct.We will be re-propounding accordingly.Your cllient's response to our Requests for Admissions that the referenced exhibit was not attached is not correct.

My paralegal scans the completed document before service.Our scanned document confirms the attachment was included to you.

You know what the particular document is and and I ask that you respond to the objected-to Requests per the noted relevant discovery Rules (26 and 36).

With respect to your objections to particular Requests that "CCSO training" is overbroad is not well taken.Training is not a word that is ambiguous.It is the action of teaching a person a particular skill or type of behavior.Look it up.

In response to your objection that the definition of INCIDENT is overbroad,vague,and ambiguous notwithstanding our reference to the noted charging paragraphs of the Complaint,I will agree to limit it as you suggest.We are referring to the arrest and detention of Mr. Taylor on June 24, 2017.

Please provide responses to the Requests propounded on all three of your deputy clients ie Ramos,Stevens,and Mattos given the identical objections and lack of response for each of them.

Given the substantial time you requested and that I agreed to give you in responding to these Requests,I don't see why we cannot receive appropriate supplemental responses within two weeks of today.

I ask for your prompt written response as to your position for obvious reasons.

Panos

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

**Panos Lagos**
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination,

distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

# EXHIBIT  10

The Law Offices of

# Panos Lagos

————

TEL. (510) 530-4078
FAX (510) 530-4725

5032 WOODMINSTER LANE
OAKLAND, CA 94602

E-MAIL ADDRESS:
PANOS@PANOSLAGOSLAW.COM

July 15, 2019

**VIA EMAIL**
Deborah A. Byron
McCormick, Barstow, Sheppard,  Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

Re:   _Taylor, et al. v. County of Calaveras, et al._
        USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM

Dear Ms. Byron:

It appears that I was not clear in my communication commencing the meet and confer process. After providing clarification, I will move on to address the insufficiency of your clients' discovery responses.

The only discovery propounded upon the officers that was missing an exhibit were the Interrogatories propounded on Deputy Ramos, which was missing the exhibit (Exhibit 1) referred to in Interrogatory No. 6, i.e., his two page Supplement (Supplement 2) to the subject incident report. I note that, even absent this exhibit, you could have answered the interrogatory. The wording of the interrogatory left no ambiguity as to what document I was referring to – a document originally provided to me by you – and considering that the remaining deputy defendants had their reporting of the incident attached to the interrogatories propounded on them. In any event, the interrogatory has been re-propounded accordingly. The Request for Admissions ("RFA") propounded on Deputy Ramos did have the appropriate exhibit attached. We know this for the reasons mentioned in my July 10, 2019 email. Contrary to what you stated in your July 10, 2019 email response, none of the propounded RFAs refer to the interrogatories. Therefore, please provide appropriate responses to the erroneously-based objection to RFAs Nos. 1 – 3 as to Deputy Ramos.

With respect to the definitions for the RFAs propounded on the deputies (Ramos, Mattos and Stevens), and per your suggestion, I have agreed that "incident" refers to the arrest and detention of Mr. Taylor on June 24, 2017. My July 10, 2019 provided a concise definition for the word "training" as the action of teaching a person a particular skill or type of behavior. To the extent you claim/continue to claim ambiguity on the grounds that we have to identify your client's particular training, that is illogical. Whatever your clients' training consisted of, notwithstanding an otherwise broad range of subject areas, they can (or should) be able to admit that they were (or were not) in compliance with their training regarding the subject incident. Your clients, not mine, are aware of the training they were given by CCSO. In like response to

Deborah A. Byron
McCormick, Barstow, Sheppard, Wayte & Carruth LLP

Re: _Taylor, et al. v. County of Calaveras, et al._
     USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM

July 15, 2019
Page 2

your objections to CCSO policies, procedures, and guidelines, and POST training, guidelines, policies and procedures and related requests, your clients are (or should be) aware of what those are. The use of the words "POST training", "guidelines", "policies", or "procedures", are not vague or ambiguous

Given our definition of incident as limited to the June 24, 2017 contact between our respective clients, your clients' objections to the RFAs on the grounds of relevancy, overbroadness and uncertainty are unavailable, particularly in that we have clearly and further limited the time frame to, for example, "…after being dispatched…on the date of the incident…and up to the time you made contact with Taylor..." (RFA Nos. 12-15), or "...after being dispatched…on the date of the incident.." (RFA No. 16), or "after to [sic] making contact with plaintiffs…"( RFA Nos. 17-21).

With respect to your clients' responses to RFA Nos. 27-28, they do not comply with Rule 36(a)(4) which mandates that, if the matter is not admitted, the response must specifically deny it or state in detail why the responding party cannot truthfully admit or deny it. The "matter" which is the subject of the RFAs is whether or not your clients had the opportunity to personally contact the Lopez not, as your illegal response restates "...I **would** have personally contacted…" (emphasis added). The responding party does not have the right to restate the substance of the request. Your clients' purported denial does not "…fairly respond to the substance of the matter..."(Rule 36(a)(4)). Your clients' responses to RFA Nos. 29-30 suffer the same infirmity with the subject matter stated differently as the "opportunity to personally interview" Mr. and Mrs. Lopez. Similarly, the same infirmity exists with your clients' responses to RFA Nos. 35-36. The subject matter of these RFAs are communications had (or not had) between your clients and Mr. and Mrs. Lopez before contact was made with my clients. Instead, we read that your clients had "…information…conveyed…before…contact with plaintiffs...".

Again, Rule 36 is violated when the subject matter is whether or not your clients had any interest in communicating with Mr. and Mrs. Lopez before contact was made with my clients (RFA Nos. 37-40) as opposed to reading about your clients' "...first priority was to make the scene safe and to speak to … to investigate the report of unlawful discharge of weapon, which did not call for immediate contact with...".

With respect to your clients' failure to respond to RFA No. 41 and your objection that "merits of the call" is vague and uncertain, we are referring to, as you stated it in your clients' "response", "...the investigation of the crime reported in the call...". To the extent your clients' refusal to admit or deny this request is based on your stated "…insufficient knowledge...", the Rule requires that your clients state that he/she has "...made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Your clients have failed to so state.

Deborah A. Byron
McCormick, Barstow, Sheppard, Wayte & Carruth LLP

> Re:  *Taylor, et al. v. County of Calaveras, et al.*
> USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM

July 15, 2019
Page 3

_____

Turning to RFA Nos. 42-49, asking for your clients' admission on very specific subject matters as stated, your clients state their views of their duties in a totally separate subject area thereby subjecting their responses to the same aforenoted infirmity under the Rule. Your clients' objections are noted but do not relieve your clients of the duty to admit or deny this request. While your clients may assert lack of knowledge or, in good faith, articulate reasons why he/she cannot comply with the Rule, your objection that the RFAs call for a conclusion of law is incorrect on its face. Peace officers are (supposedly) extensively trained to react in a certain specified manner to specific encounters, incidents, and, in our case, calls for service. In many, if not most regards, the officer/deputy has little or no discretion in following a mandated course of action such as talking first with the caller requesting service to investigate the merits of the call before contacting the perpetrator of the claimed crime. Asking your clients for their perceived duty under the stated parameters of the RFAs is, in no way, asking for a "conclusion of law" which would, even if true, never be relevant nor usurp the Court's authority and discretion to do whatever it deemed appropriate with the response at trial. I remind you that, per section (a)(1)(A) of Rule 36, asking your clients' to admit the truth of matters relating to "facts, the application of law to fact, or opinions about either" is lawful.

Your clients' response to RFA No. 53 suffers the same infirmities noted throughout this communication. Asking your clients whether or not they lacked probable cause to arrest for a violation of a crime is not asking for a conclusion of law. The existence of probable cause is an issue of fact. No one is asking your clients to interpret a statute. Your objection, such as it is, does not excuse your clients from responding in accordance with the Rule.

With regard to RFA No. 54, "INCIDENT report" is referring to the events occurring on June 24, 2017 between your clients and mine. The substance and matter which is the subject of the request is clear and, again, is not addressed by your clients' responses which need not be repeated at this time. Plaintiffs make clear that they want your clients to admit that Mr. Taylor was not arrested for a violation of PC § 246.3(a).

Not surprisingly, RFA Nos. 55-56 also violate the Rule for the reasons already stated. These requests clearly refer to communication, as defined in the RFAs, between your client and Mr. and Mrs. Lopez as of specified times. The requests are not asking about communications about your clients and/or Mr. and Mrs. Lopez.

With respect to your responses to our Rule 34 Request for Production of Documents, the Rule requires that, to the extent there is any objection, the objecting party must state whether any responsive materials are being withheld on the basis of that objection (Rule 34(b)(2)(C)). Please provide that information in your supplemental responses.

Deborah A. Byron
McCormick, Barstow, Sheppard, Wayte & Carruth LLP

     Re:    *Taylor, et al. v. County of Calaveras, et al.*
             USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM

July 15, 2019
Page 4

Please provide supplemental responses within 15 days of the date of this letter.

Respectfully,

LAW OFFICES OF PANOS LAGOS

Panos Lagos, Esq.

PL/ah

bcc:    Clients

# EXHIBIT  11



**McCORMICK**
**BARSTOW LLP**
ATTORNEYS AT LAW

Deborah A. Byron
(Admitted in California)
deborah.byron@mccormickbarstow.com

**FRESNO, CA OFFICE**
7647 North Fresno Street
Fresno, California 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

Other offices of
McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

www.mccormickbarstow.com

**BAKERSFIELD, CA OFFICE**
5060 California Ave., Suite 1090
Bakersfield, California 93309
Telephone (661) 616-1594
Fax (661) 616-1595

**CINCINNATI, OH OFFICE**
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

**DENVER, CO OFFICE**
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

**LAS VEGAS, NV OFFICE**
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

**MODESTO, CA OFFICE**
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

**RENO, NV OFFICE**
241 Ridge Street, Suite 300
Reno, Nevada 89501
Telephone (775) 333-0400
Fax (775) 333-0412

**SAN LUIS OBISPO, CA OFFICE**
656 Santa Rosa Street, Suite 2A
San Luis Obispo, California 93401
P.O. Box 31
San Luis Obispo, California 93406
Telephone (805) 541-2800
Fax (805) 541-2802

July 25, 2019

Panos Lagos, Esq.
LAW OFFICES OF PANOS LAGOS
5032 Woodminster Lane
Oakland, CA 94602

Re:   Taylor/Melville v. County of Calaveras
      Our File No.: 015800-000030

Dear Panos:

I am attempting to resolve the "meet-and-confer" issues raised in your most recent letter of July 15, 2019 by providing further discovery responses. However, there are some issues that remain which I will address here.

RFA Nos. 35-36: Please review your definition of "COMMUNICATION," "COMMUNICATIONS" or COMMUNICATING," which include the conveyance of information through spoken words. These Requests ask for COMMUNICATIONS with the Lopez Defendants. I interpret these requests to include information from Brian and Rhonda Lopez which was "conveyed" to the responding officers through Dispatch. This is a reasonable interpretation of your Requests based on Plaintiffs' own definition of the terms. If you want to know whether the responding parties spoke to the Lopezes before making contact with your clients, you should ask them to admit or deny that statement. The fact is that information provided by the Lopez Defendants was "communicated" through an intermediary, i.e., CCSO Dispatch.

RFA Nos. 37-41: The phrase "interested in" is too vague and ambiguous in the context of the factual circumstances to be admitted or denied without an explanation and/or qualified denial. (FRCP 36(a)(4).) The standard by which law enforcement personnel perform their duties is not according to what they are "interested" in. Their "interests," if not tied to some standard of training, performance or responsibly, are irrelevant. "Interest" is defined as "curiosity or concern." Whether the officers were "curious" or "concerned" has no tendency in fact to prove or disprove whether their actions were lawful or reasonable. Officers at a scene have different responsibilities which may determine whether they need to be "concerned" with certain aspects of a response to the scene of an alleged. Crime. I believe the responses are appropriate but will nevertheless supplement the original ones.

RFA Nos. 42-49: The parties did not object solely on the grounds that the Requests called for a legal conclusion. You argument on this objection may have merit. However, objections were made on numerous other grounds, including your rotating references to threats of harm. The Requests were properly answered with qualified denials given the unsupported assumption regarding the potential degree of threat occasioned by the discharge of a weapon near an occupied dwelling and the actual charges underlying



McCORMICK
BARSTOW LLP
ATTORNEYS AT LAW

Panos Lagos
July 25, 2019
Page 2

Taylor's arrest. Moreover, the call for service was made by Rhonda Lopez and not Brian Lopez according to official documents.

RFA No. 53: Whether or not the existence of probable cause to make an arrest requires a conclusion of law here does not nullify the relevance objection based on the fact Taylor was not arrested for a violation of Penal Code §246.3(A). A probable cause inquiry about an arrest that did not occur cannot be relevant.

RFA Nos. 55-56: Please revisit your clients' definition of COMMUNICATION.

**REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE:**

I have prepared supplemental responses to production requests on behalf of Defendants Mattos, Ramos and Stevens in response to your request for a statement pursuant to Fed.R.Civ.P. 34(b)(2)(C).

I believe the supplemental responses to admission and production requests should satisfy all your concerns except where the requests are simply too uncertain to allow an informed responses from my clients. I believe I have done all that I can to address your meet-and-confer demands. Thank you.

Very truly yours,

Deborah A. Byron
McCormick Barstow LLP

DAB:mgr

cc:     Marty B. Oller, Esq.
        Laura Wolfe, Esq.

Enclosures

015800-000030 6195949.1

# EXHIBIT  12

**Panos Lagos**

| | |
|---|---|
| **From:** | Deborah Byron <Deborah.Byron@mccormickbarstow.com> |
| **Sent:** | Tuesday, July 30, 2019 2:33 PM |
| **To:** | Panos Lagos |
| **Cc:** | Marty Oller; Laura Wolfe; Mary Ramirez; April A. Almanza; Carol Aurand; Johanna Lockey |
| **Subject:** | Taylor v. Calaveras - Case Assignment |

As I mentioned to you previously, I will be retiring soon and have re-assigned this file to my partners, Marty Oller and Laura Wolfe.  Further contacts should be to them, with a copy to my paralegal, Mary Ramirez, who will continue to assist on the file.

By the end of the day, you will receive my response to your July 15, 2019 meet-and-confer letter, and supplemental responses to Defendants' requests for admission and production.  Any discussion of remaining disputes, if any,  should be directed to my partners.

It has been nice working with you.



**DEBORAH  BYRON**
Attorney

McCormick Barstow, LLP
7647 North Fresno Street
P.O. Box 28912
Fresno, CA 93729-8912
(559) 433-1300 main
(559) 433-2300 fax

Deborah.Byron@mccormickbarstow.com

# EXHIBIT 13

**Panos Lagos**

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Thursday, August 08, 2019 8:23 AM |
| **To:** | Laura Wolfe; Marty Oller; Mary Ramirez |
| **Cc:** | Alicia Hubbs |
| **Subject:** | Taylor...meet/confer |

Counsel:

Given recently received Supplement Responses to the discovery responses in point,I would like to address a few remaining Requests in the hopes we can avoid Court intervention.

Requests nos. 42-49 variously seek your client's admissions in very specifically alternately stated circumstances.A party does not have the right,under Rule 36,to provide a "qualified denial" whatever that is.I refer you to my previous correspondence and to Rule 36 (a)(4)'s clear language.The Requests make no reference to or ask your clients to assume any specific factual/arrest circumstance precluding your noted objection of "unsupported assumption" that was not timely made in any event.That,as Ms. Byran noted,the call for service was made by Ms. Lopez and not Mr. Lopez, simply provides your clients with the opportunity to avoid responding to Request nos. 46 and 48.

Regarding the response to Request no. 53 which consists of the assertion of an unavailable objection that it is vague and ambiguous as to time,seeking a conclusion of law and relevancy,we have limited the time to the date of the arrest, and pointed out that the the rule permits the request as it applies to the law.The relevancy objection is not available per the rule.Leave that up to the trial judge.However,the relevancy objection is unavailable on the merits.The existence of probable cause for my client's arrest is a seminal issue in the case as raised by the pleadings.Consistent with the purpose of this discovery tool,I want to eliminate the need to prove this issue ie there was no probable cause for arresting my client for a violation of PC 246.3(a).I suggest you read Devenpeck v. Alford,543 U.S. 146 (2004).

Addressing your clients' continued failure to properly respond to Request nos. 55-56,your clients have denied the requests while misstating/restating its substance.The requests refer to communication between the noted individuals not what "information" was "conveyed" to your clients.

Please respond with supplemental responses or explain why you will not do so.

I would appreciate your responses such as they are within five days of the date of this communication.Given Ms. Byron's departure from the firm and her primary involvement in the case,I am not unwilling to extend you the courtesy of some additional time upon request.This matter has dragged on for some time now and I want to have it resolved sooner than later.

Thank you.

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

**Panos Lagos**
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

# EXHIBIT  14

**Panos Lagos**

**From:** Marty Oller <Marty.Oller@mccormickbarstow.com>
**Sent:** Thursday, August 15, 2019 1:33 PM
**To:** Panos Lagos; Alicia Hubbs
**Cc:** Mary Ramirez
**Subject:** RE: Taylor/Melville v. County of Calaveras

Panos,

It was nice speaking with you earlier this week.  This will confirm that my client has been granted an extension to respond to plaintiff's request to produce documents set 3 up to an including August 22, 2019.  Further, I will provide a response to your meet and confer regarding the request for admissions as soon as possible and no later than August 29, 2019.

If this email does not conform with our agreement, please contact me immediately.  Thank you for your cooperation.

Marty Oller



**MARTY OLLER**
Attorney

McCormick Barstow, LLP
7647 North Fresno Street
P.O. Box 28912
Fresno, CA 93729-8912
(559) 433-1300 main
(559) 433-2300 fax

Marty.Oller@mccormickbarstow.com

# EXHIBIT  15

**Panos Lagos**

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Thursday, September 05, 2019 9:11 AM |
| **To:** | Marty Oller; Alicia Hubbs |
| **Cc:** | Mary Ramirez |
| **Subject:** | RE: Taylor/Melville v. County of Calaveras |

Marty:Did you send me your response to the meet/confer issue?Panos

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

---

**From:** Marty Oller <Marty.Oller@mccormickbarstow.com>
**Sent:** Thursday, August 15, 2019 1:33 PM
**To:** Panos Lagos <panos@panoslagoslaw.com>; Alicia Hubbs <alicia@panoslagoslaw.com>
**Cc:** Mary Ramirez <Mary.Ramirez@mccormickbarstow.com>
**Subject:** RE: Taylor/Melville v. County of Calaveras

Panos,

It was nice speaking with you earlier this week.  This will confirm that my client has been granted an extension to respond to plaintiff's request to produce documents set 3 up to an including August 22, 2019.  Further, I will provide a response to your meet and confer regarding the request for admissions as soon as possible and no later than August 29, 2019.

If this email does not conform with our agreement, please contact me immediately.  Thank you for your cooperation.

Marty Oller



**MARTY OLLER**
Attorney

McCormick Barstow, LLP
7647 North Fresno Street
P.O. Box 28912
Fresno, CA 93729-8912
(559) 433-1300 main
(559) 433-2300 fax

Marty.Oller@mccormickbarstow.com

**Panos Lagos**

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Wednesday, September 11, 2019 9:46 AM |
| **To:** | Marty Oller; Laura Wolfe; Mary Ramirez |
| **Cc:** | Alicia Hubbs; 'smackey@donahuedavies.com' |
| **Subject:** | Taylor ..meet/confer |

Marty:This is my second attempt since August 31 to find out why I didn't get the promised "further" response to the previously-noted Requests for Admissions.

Are you going to do so?

Panos

Panos Lagos, Esq.

panos@panoslagoslaw.com

(510) 530-4078 x 101

(510) 530-4725-Fax

The Law Offices of

## Panos Lagos

5032 WOODMINSTER LANE

OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**Panos Lagos**

| | |
|---|---|
| **From:** | Marty Oller <Marty.Oller@mccormickbarstow.com> |
| **Sent:** | Wednesday, September 11, 2019 6:21 PM |
| **To:** | Panos Lagos |
| **Cc:** | Mary Ramirez; Alicia Hubbs |
| **Subject:** | Re: Taylor ..meet/confer |

Panos,

I apologize for the delay. Unexpected exigencies in other matters arose such that I have not had time to respond. I am completely booked up this week, but will have a response to you on Tuesday.

As to your request to discuss the recent production of documents, I can discuss that with you Tuesday afternoon, and any time next Wednesday.

Thank you.

Marty

Sent from my iPhone

Marty Oller
Partner
McCormick Barstow LLP
7647 North Fresno Street | Fresno, CA 93720 Main (559) 433-1300 | Fax (559) 433-2300

www.mccormickbarstow.com

On Sep 11, 2019, at 9:46 AM, Panos Lagos <panos@panoslagoslaw.com<mailto:panos@panoslagoslaw.com>> wrote:

Marty:This is my second attempt since August 31 to find out why I didn't get the promised "further" response to the previously-noted Requests for Admissions.
Are you going to do so?
Panos
Panos Lagos, Esq.
panos@panoslagoslaw.com<mailto:panos@panoslagoslaw.com>
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of
Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**Panos Lagos**

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Thursday, September 12, 2019 10:29 AM |
| **To:** | Marty Oller |
| **Cc:** | Mary Ramirez; Alicia Hubbs |
| **Subject:** | RE: Taylor ..meet/confer |

Thank you for your response Marty.We will discuss next week in accordance with your stated schedule.Panos

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of
Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602
This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

-----Original Message-----
From: Marty Oller <Marty.Oller@mccormickbarstow.com>
Sent: Wednesday, September 11, 2019 6:21 PM
To: Panos Lagos <panos@panoslagoslaw.com>
Cc: Mary Ramirez <Mary.Ramirez@mccormickbarstow.com>; Alicia Hubbs <alicia@panoslagoslaw.com>
Subject: Re: Taylor ..meet/confer

Panos,

I apologize for the delay. Unexpected exigencies in other matters arose such that I have not had time to respond. I am completely booked up this week, but will have a response to you on Tuesday.

As to your request to discuss the recent production of documents, I can discuss that with you Tuesday afternoon, and any time next Wednesday.

Thank you.

Marty

Sent from my iPhone

Marty  Oller
Partner
McCormick Barstow LLP
7647 North Fresno Street | Fresno, CA 93720 Main (559) 433-1300 | Fax (559) 433-2300

www.mccormickbarstow.com

On Sep 11, 2019, at 9:46 AM, Panos Lagos <panos@panoslagoslaw.com<mailto:panos@panoslagoslaw.com>> wrote:

Marty:This is my second attempt since August 31 to find out why I didn't get the promised "further" response to the previously-noted Requests for Admissions.
Are you going to do so?
Panos
Panos Lagos, Esq.
panos@panoslagoslaw.com<mailto:panos@panoslagoslaw.com>
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of
Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**Panos Lagos**

---

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Wednesday, September 18, 2019 11:24 AM |
| **To:** | Marty Oller |
| **Cc:** | Alicia Hubbs |
| **Subject:** | Taylor meet/confer |

Marty:I just left you a voicemail regarding our discovery issues.Please call or write me.Panos

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

**Panos Lagos**

5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**Panos Lagos**

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Thursday, September 19, 2019 11:54 AM |
| **To:** | Marty Oller |
| **Subject:** | Taylor |

I am in my office now for another 30 minutes.Panos

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

## Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**Panos Lagos**

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Thursday, September 19, 2019 12:17 PM |
| **To:** | Marty Oller; Laura Wolfe; Mary Ramirez; Alicia Hubbs |
| **Subject:** | Meet/confer/Taylor discovery |

Marty:Given our challenges in connecting by phone,please write me your position on the noted Requests and Request for production no. 93.Panos (or have Ms. Wolfe respond)

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**Panos Lagos**

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Friday, September 20, 2019 1:24 PM |
| **To:** | Marty Oller |
| **Subject:** | RE: Taylor meet and confer |

Got it

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of
Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602
This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

-----Original Message-----
From: Marty Oller <Marty.Oller@mccormickbarstow.com>
Sent: Friday, September 20, 2019 12:41 PM
To: Panos Lagos <panos@panoslagoslaw.com>
Subject: Re: Taylor meet and confer

Panos,

I know we have been playing phone tag and I am sorry we have not been able to connect.
I am out ill today. I will call you Monday at 10:00.  If I am unable to reach you at that time, then I will send you a written response by noon on Monday.
Thank you.
Marty

Sent from my iPhone

Marty  Oller
Partner
McCormick Barstow LLP
7647 North Fresno Street | Fresno, CA 93720 Main (559) 433-1300 | Fax (559) 433-2300

www.mccormickbarstow.com

On Sep 20, 2019, at 10:36 AM, Panos Lagos <panos@panoslagoslaw.com<mailto:panos@panoslagoslaw.com>> wrote:

1

Marty:I have called you several times in the last two days as well as e-mailed you further suggesting you set forth your position in writing given our difficulty in talking about it over the phone.

I left a message on your voicemail as well as on your assistant's voicemail this morning asking for a call back today.

I await your response.

Since it has been now 20 days since I was promised a response,I really want to get this process to the point of resolution ... or not.

Panos

Panos Lagos, Esq.

panos@panoslagoslaw.com<mailto:panos@panoslagoslaw.com>

(510) 530-4078 x 101

(510) 530-4725-Fax

The Law Offices of

Panos Lagos

5032 WOODMINSTER LANE

OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**Panos Lagos**

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Tuesday, September 24, 2019 8:37 PM |
| **To:** | 'Marty Oller' |
| **Subject:** | Taylor |

Marty:We spoke by phone yesterday regarding the discovery "dispute" and our duty to meet and confer.You informed me that producing the requested 3 years of CAD incident Reports per Request No. 93 was asking for over 50,000 of such reports.I asked you to inquire as to whether or not they could be "searched" and limited to where the deputy showed on scene.You agreed to make that inquiry and get back to me.

Regarding the Requests for Admissions,you told me you would get me a written response by the end of the day.

Since I did not get that written response,please do so as soon as possible and,in no event,beyond this Friday.Clearly,you all have had the issue(s) raised before you for over a month.

I am prepared to proceed with Court intervention if necessary and want to avoid that as much as possible and is reasonable.

Panos

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**EXHIBIT  16**

**Panos Lagos**

| | |
|---|---|
| **From:** | Panos Lagos |
| **Sent:** | Thursday, October 03, 2019 11:02 AM |
| **To:** | Marty Oller; Marty Oller; Laura Wolfe |
| **Cc:** | Alicia Hubbs |
| **Subject:** | Taylor |

Marty Oller:
I have not heard from you regarding the meet and confer discovery process or the noticing of the two depositions I requested.
What is going on?
Please express your position on either or both of the noted issues.
I have left yet another voicemail for you this morning to contact me (the last one being yesterday) without success to date.

Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of
**Panos Lagos**
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

# EXHIBIT 17

The Law Offices of

# Panos Lagos

TEL. (510) 530-4078
FAX (510) 530-4725

5032 WOODMINSTER LANE
OAKLAND, CA 94602

E-MAIL ADDRESS:
PANOS@PANOSLAGOSLAW.COM

September 30, 2019

**VIA EMAIL**
Mart B. Oller IV
McCormick, Barstow, Sheppard,  Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

Re:     *Taylor, et al. v. County of Calaveras, et al.*
          USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM

Dear Mr. Oller:

I have just received your email of September 29, 2019, in response to the meet and confer process invoked by me over two months ago. The additional time I have waited since your August 15, 2019 promise to provide a response to me by August 29, 2019 is noteworthy. Your response regurgitates, essentially, the initial position enunciated by Ms. Byron while referring to the Rutter Group and FRCP 269b)(1) which does not exist.

Preliminarily, while you have the benefits of the general proposition set forth in Rule 26(b)(1) that discovery is to be relevant to any party's claim or defense, the Requests that are subject to this meet and confer **are** relevant to Plaintiffs'' claims **as well as** Defendants' defenses.

The Complaint claims that Plaintiff Taylor's constitutional rights were violated when the Defendant officers entered his place of residence, pursuant to a call for service by his neighbors (Mr. and Mrs. Lopez or "the Lopez Defendants"), **without any investigation** conducted by the officers of that call following which Plaintiff Taylor, at gunpoint, was subjected to unnecessary and inappropriate force, arrested, and falsely charged with various Penal Code violations including § 246.3(a). [Complaint, ¶ 19]. Your clients' Answer(s) denied the Plaintiffs' allegation that no investigation was conducted to determine the legitimacy or merits of the Lopez Defendants' 9-1-1 call for service and before entering my clients' place of residence and placing Mr. Taylor under arrest. [Answer, ¶ 19].

The alleged lack of investigation is material on the validity of your clients' entry onto my clients' place of residence and on the issue of the constitutionality of the various Fourth Amendment issues. As you already know, to satisfy constitutional Fourth Amendment muster, a warrant or some other limited exception is needed before entry can be made onto a citizen's place of residence. Plaintiffs have the benefit of long-established law in this Circuit that a failure to investigate a claim of a crime necessarily fails to provide probable cause to arrest and to enter Plaintiffs' place of residence. See, *Arpin v. Santa Clara Valley Transport Agency*, 261 F.3d 912 (9th Cir. 2001); *Stoot v. City of Everett*, 582 F.3d 910 (9th Cir. 2009) (cert. denied) 130 S.Ct. 2343(2010); *Tillman v. Coley*, 886 F.2d 317 (11th Cir. 1989); *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004).

Mart B. Oller IV
McCormick, Barstow, Sheppard, Wayte & Carruth LLP

Re:   *Taylor, et al. v. County of Calaveras, et al.*
      USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM

September 30, 2019
Page 2

The materiality of this issue implicates not only the noted entry upon my clients' property, but also the lawfulness of Plaintiff Taylor's arrest. As stated in *Arpin*: "If the officers could not lawfully arrest Arpin for battery, the officers could also not lawfully arrest Arpin for resisting arrest." (internal citation omitted).

In addition, the materiality and relevance of whether or not an investigation was conducted by the officers is found in Plaintiffs' Second [*Monell*] Claim. In relevant part, the Complaint alleges the County's custom, policy, practice and/or procedure, i.e.,

Failing to institute, maintain, or effectively administer and enforce proper and adequate training, supervision, policies, protocol and procedures concerning appropriate/constitutional responses to and investigation of 9-1-1 calls for service that, among other things, do not permit and authorize the immediate pointing of weapons at suspects (excessive force) and/or the arrest of suspects based **solely** on the substance of and assuming the truth of the 9-1-1 caller and without any investigation; and/or to cover-up violations of constitutional rights by any or all of the following:

i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures; ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity by deputies; and

iii. by allowing, tolerating, and/or encouraging deputies to: to not file complete and accurate reports by deputies; to file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster deputies' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by deputies, by withholding and/or concealing material information

Request Nos. 42-49 are clearly relevant to the aforenoted issues.

**In addition**, I invited you to read the case of *Devenpeck v. Alford* in my correspondence to you of August 8, 2019. You clearly have not done so. The Supreme Court in *Devenpeck*, in reversing the Ninth Circuit, determined that an arrest is lawful under the Fourth Amendment regardless of whether or not the offense for which there was probable cause is closely related to the offense stated by the arresting officer at the time of arrest. Your clients have the right to argue that they had probable cause to arrest Plaintiff Taylor for the violation of Penal Code § 246.3(a) based on the information provided to them by dispatch that, in their minds at that time, was sufficient for them to appear en masse with guns pointed at my clients. Your clients, in fact, claimed they had sufficient evidence to charge Plaintiff Taylor with the violation of Penal Code § 246.3(a). If your clients had a sufficient factual basis to believe that entry onto my clients' property was appropriate, knowing only that which was communicated to them by dispatch, they **arguably**, under *Devenpeck*, are provided a defense. I am addressing that "defense" by the

Mart B. Oller IV
McCormick, Barstow, Sheppard, Wayte & Carruth LLP

Re:   *Taylor, et al. v. County of Calaveras, et al.*
      USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM

September 30, 2019
Page 3

propounding of the subject Requests. As your clients admit in their responses, the district attorney "considered" charges which included a violation of Penal Code § 246.3(a) and which charge was submitted to the district attorney by your clients for whatever reasons. It was not a charge created by the district attorney. See, Page 2 of Stevens' report (COC000010). Finally, the Requests are relevant to your clients' assertion of good faith/qualified immunity found in the Fourth Affirmative Defense of their Answer.

With respect to the remaining objections that I failed to address, I did so deliberately. There is nothing overbroad, vague, or ambiguous about the Requests nor is there anything speculative or lacking in foundation in them. The Requests are clear and simple to understand in plain English and, as you already know, it is no objection to the Request that it calls for a conclusion of law. As I have already indicated in my August 8, 2019 correspondence, the Requests make no reference to nor do they ask your clients to assume any specific factual arrest circumstance.[1] Clearly, your clients' responses (to Request Nos. 42-45) that, "Deny that an arrest for violations of Penal Code §§ 647(f) and 148(a)(l), as personally witnessed by Responding Party, invokes a duty to investigate a 9-1-1 call." is **not** fairly responding to the substance of the matter. Rule 36(a)(4).

With respect to Request Nos. 47 and 49, your clients' response is similarly not in compliance with the Rule. These two Requests are very specific with respect to the duty of your clients to investigate the factual basis and/or to communicate with Ms. Lopez regarding the factual basis of the call for service made by her prior to placing Plaintiff Taylor under arrest on June 24, 2017. The Requests and your clients' responses were as follows:

**REQUEST FOR ADMISSION NO. 47:**
Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to investigate the factual basis of the call for service by RHONDA LEE LOPEZ.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**
Objection. Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law. Subject to said objection, Deny that before placing TAYLOR under arrest for violations of Penal Code §§ 647(f) and 148(a)(l), Responding Party had a duty to investigate the factual basis of RHONDA LOPEZ' call for service.

**REQUEST FOR ADMISSION NO. 49:**
Please admit that, before placing TAYLOR under arrest on June 24, 2017, YOU knew YOU had a duty to COMMUNICATE with RHONDA LEE LOPEZ regarding the factual basis of the call for service.

---

[1] If the objection of "assuming facts not in evidence" was a valid one to a Request, no Request would be held non-objectionable.

Mart B. Oller IV
McCormick, Barstow, Sheppard, Wayte & Carruth LLP

Re: _Taylor, et al. v. County of Calaveras, et al._
     USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM

September 30, 2019
Page 4

_____

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**
Objection.  Seeks to compel an admission of a conclusion of law because the existence of a legal duty is a question of law.  Subject to said objection, Deny that before placing TAYLOR under arrest for violations of Penal Code §§ 647(f) and 148(a)(l), Responding Party had a duty to communicate directly with RHONDA LOPEZ.

You do not have the right to change the substance of the Request by inserting a subject matter in your response not contained in the Request for any reason including your clients' discomfort with admitting the obvious.

Finally, turning to Request Nos. 55 and 56 asking for your clients to admit or deny that they only communicated with Mr. and/or Mrs. Lopez after Plaintiff Taylor's arrest, your clients' responses are, again, do not fairly respond to the substance of the Requests. The Requests use the term "COMMUNICATION" "between". Your clients' responses, however, are with respect to "COMMUNICATION" "conveyed". The definition of COMMUNICATION provided by Plaintiffs has nothing to do with the Request so clearly expressed and limited in clear and distinguishable English. The Requests do not address information so "conveyed" or exchanged in some general fashion. **Again**, the Requests ask for the admission or denial regarding COMMUNICATION **between** your clients and Mr. and/or Mrs. Lopez at a very specific time.

I have waited long enough for the disappointing responses that simply regurgitate the already-provided position set forth to me by Ms. Byron over two months ago. I will be sending you a proposed Joint Statement re: Discovery Disagreement [Requests for Admission] for its inevitable submission to the Court with my Motion to Compel should we be unable to resolve our disagreement.

I expect a prompt response to this discussion as well as to my previous request for dates for the depositions of Officer Z. Glanville and Sgt. Dorsey.

Please give me your response within 48 hours of this communication.

Very truly yours,

LAW OFFICES OF PANOS LAGOS

Panos Lagos
Panos Lagos, Esq.

PL/ah

# EXHIBIT  18

The Law Offices of

# Panos Lagos

———

TEL. (510) 530-4078
FAX (510) 530-4725

5032 WOODMINSTER LANE
OAKLAND, CA 94602

E-MAIL ADDRESS:
PANOS@PANOSLAGOSLAW.COM

October 2, 2019

**VIA EMAIL AND REGULAR MAIL**
Mart B. Oller IV
McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

      Re:   *Taylor, et al. v. County of Calaveras, et al.*
           USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM

Dear Mr. Oller:

      Upon review of my September 30, 2019 correspondence to you, I noticed that I did not mention your clients' responses to Request No. 53.

      Even though I previously raised the issue of the sufficiency of your clients' responses to Request No. 53 in earlier communications with you and/or Ms. Byron, I renew my request that you reconsideration of the adequacy of your clients' responses to Request No. 53. As already discussed in earlier communications as well as my September 30, 2019 correspondence to you, Rule 36(a)(1)(A) permits a request to admit the truth of "facts, the application of law to fact, or opinions about either". As to the relevancy objection, that has been addressed in my September 30, 2019 correspondence.

      Accordingly, this letter completes the pending request that you reconsider the position of your clients on the Requests for Admission, and I await your response within the timeframe originally noted in my September 30, 2019 correspondence, i.e., today.

              Very truly yours,

              LAW OFFICES OF PANOS LAGOS

              Panos Lagos, Esq.

PL/ah

# EXHIBIT  19

**Panos Lagos**

| | |
|---|---|
| **From:** | Alicia Hubbs |
| **Sent:** | Thursday, October 03, 2019 3:05 PM |
| **To:** | Marty Oller |
| **Cc:** | Panos Lagos |
| **Subject:** | RE: Taylor case |
| **Attachments:** | DD_RFA_JT Stmt_PL-1.doc |

Greetings –
Attached for is the Joint Statement re Discovery Disagreement per Mr. Lagos' earlier email to you today.

Alicia Hubbs (510 530 4078 x 100)
Paralegal to Panos Lagos, Esq.

The Law Offices of

Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**From:** Panos Lagos <panos@panoslagoslaw.com>
**Sent:** Thursday, October 03, 2019 3:01 PM
**To:** Marty Oller <Marty.Oller@mccormickbarstow.com>
**Cc:** Alicia Hubbs <alicia@panoslagoslaw.com>
**Subject:** RE: Taylor case

Marty:With regard to the plaintiffs'  depos,I know November 8 will work.So book it.
Regarding the two depos,I would like to start at 9:30 on October 25 and anticipate being done with both of the depos in 2 hours … maybe a little more..but not much more.
As I told you,I have invested and have been investing my offices' time in putting together a joint statement of our disagreement and have been waiting for you to tell me there is no need for it.
I have a seminar to go to tomorrow and both Alicia and I will be out of the office.
You will be shortly receiving the Joint Statement re Discovery Disagreement.Maybe it will help you decide on your end,or not.
On Monday,we will file the Motion and, in accordance with the Rules,if we don't get your version of the topics contained in the Joint Statement within 10 days of the hearing date,we will so inform the Court and we will file the statement as is.
I believe giving you 10 days before the hearing date is reasonable.
We have wasted enough time with this and I simply don't want to wait for more unfulfilled promises.
Hope to hear from you though.
Panos Lagos, Esq.
panos@panoslagoslaw.com
(510) 530-4078 x 101
(510) 530-4725-Fax

The Law Offices of

Panos Lagos
5032 WOODMINSTER LANE
OAKLAND, CA 94602

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**From:** Marty Oller <Marty.Oller@mccormickbarstow.com>
**Sent:** Thursday, October 3, 2019 2:46 PM
**To:** Panos Lagos <panos@panoslagoslaw.com>
**Subject:** Taylor case

Panos,

I apologize for the delay.  I have been slowed due to continuing health issues and pre-existing commitments.

The following dates are available for the two depositions requested, which I am assuming you would do both in the same day at our office in Modesto:
October 24 or 25.

Please advise as to what date you prefer and provide starting times for each deponent.

I propose the following dates for the deposition of the plaintiffs at our office in
Modesto:  November 1 or 8.

As for the RFP set 3 issue you raised, please be advised that for the time period referenced, a deputy responded to a call in excess of 55,000 times.

As for your letters regarding the requests for admission, the last of which was sent on October 2, I will provide you with our response no later than noon on 10/4.

I look forward to hearing from you regarding the plaintiffs' depositions.

Thank you.

Marty


**Marty Oller**
Partner
**McCormick Barstow LLP**
7647 North Fresno Street | Fresno, CA 93720
Main (559) 433-1300 | Fax (559) 433-2300

2

www.mccormickbarstow.com