UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT TAYLOR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF CALAVERAS, et al.,<br><br>Defendants. | Case No. 1:18-cv-00760-BAM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED OR TO COMPEL AMENDED ANSWERS AND FOR SANCTIONS<br><br>(Doc. No. 41) |

Currently before the Court is Plaintiffs Michael Scott Taylor and Lori Melville's ("Plaintiffs") motion for an order deeming Requests for Admission Nos. 42-45, 47, 49, 53, and 55-56 propounded on Defendants Geoffrey Ramos, Talyaann Mattos, and Kevin Stevens (the "Deputy Defendants") admitted or compelling amended responses thereto and for sanctions. (Doc. No. 41.)[1] The parties submitted a Joint Statement Re Discovery Disagreement pursuant to Local Rule 251(c) on November 15, 2019. (Doc. No. 50.)

The Court found the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g) and vacated the hearing on the motion set for November 22, 2019. (Doc. No. 53.) Having considered the motion, the Joint Statement Re Discovery Disagreement, the parties' arguments, as well as the entire record in this case, Plaintiffs' motion shall be granted in part and denied in part as follows.

I. **BACKGROUND**

Plaintiffs filed a complaint on June 4, 2018, naming the County of Calaveras, Sheriff

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge. (Doc. Nos. 74, 77.) For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C.§ 636(c); Fed. R. Civ. P. 73; *see also* L. R. 301, 305. (Doc. No. 78.)

1

Rick DiBasilio, the Deputy Defendants, Brian David Lopez, and Rhonda Lee Lopez as defendants and alleging civil rights violations under 42 U.S.C. § 1983 and California Civil Code § 52.1(b), as well as state law claims for assault and battery, false arrest/false imprisonment, negligence, and intentional infliction of emotional distress arising out of Plaintiff Michael Scott Taylor's arrest following a 911 call by Plaintiffs' neighbors, Defendants Brian David Lopez and Rhonda Lee Lopez. (Doc. No 1.) According to the complaint, the County of Calaveras was aware that Plaintiffs and Defendants Brian David Lopez and Rhonda Lee Lopez "were not very neighborly" and had a history of 911 calls and/or formal complaints regarding each other for a period of one to two years prior to Plaintiff Michael Scott Taylor's arrest. (*Id.* at pp. 4-5.) Plaintiff Michael Scott Taylor was additionally allegedly known to all Defendants as someone who had expressed his dislike and distrust of local law enforcement, including the County of Calaveras. (*Id.* at 5.)

The complaint alleges that, on June 24, 2017, Defendants Brian David Lopez and Rhonda Lee Lopez made a 911 emergency call for service in which they falsely reported that Plaintiff Michael Scott Taylor had willfully discharged a firearm in the direction of their residence. (Doc. No. 1 at 6.) The Deputy Defendants were dispatched to Plaintiffs' residence in response to the call, entered Plaintiffs' property with firearms drawn, directed Plaintiffs to place their hands up, and ordered Plaintiff Michael Scott Taylor to walk towards them. (*Id.*) Plaintiff Michael Scott Taylor allegedly complied with the order, but verbally objected to the Deputy Defendants' presence and was arrested for violations of California Penal Code §§ 647(f) (drunk in public) and 148(a)(1) (resisting arrest), during which time the complaint alleges he was subjected to excessive force. (*Id.* at 6-7.) Plaintiffs allege that the County of Calaveras had a policy, practice, and/or custom of dispatching deputies upon receipt of a 911 call for service and arresting the alleged suspect without any investigation of the underlying validity of the call. (*Id.* at 5.) Pursuant to this policy, Plaintiffs allege that Defendants did not conduct any investigation to determine the legitimacy or merits of the 911 call for service made by Defendants Brian David Lopez and Rhonda Lee Lopez on June 24, 2017. (*Id.* at 7.)

On April 26, 2019, Plaintiffs propounded their Requests for Admission, Set One, on the

2

Deputy Defendants. (Doc. No. 49 at Ex. 2.) The Deputy Defendants' responses were served on July 3, 2019. (*Id.* at 5.) Following meet and confer efforts, Plaintiffs filed the instant motion seeking an order deeming Requests for Admission Nos. 42-45, 47, 49, 53, and 55-56 admitted or requiring amended responses thereto and for sanctions. (Doc. Nos. 41, 49, 50-1.) On November 13, 2019, the Court held a telephonic informal discovery dispute conference off the record to address the pending motion. (Doc. No. 47.) The parties did not stipulate to an informal resolution of their dispute and solely discussed the status of the issues while the Court offered guidance on the matter. (*Id.*) On November 15, 2019, the parties filed a Joint Statement Re Discovery Disagreement pursuant to Local Rule 251(c). (Doc. No. 50.)

## II. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401.

Discovery must be both relevant and proportional and therefore may be denied where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Federal district courts are vested with broad discretion in resolving discovery disputes and in determining whether to permit or deny discovery. *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002).

Federal Rule of Civil Procedure 36(a) governs Requests for Admission and provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). One of the primary purposes of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree. *Boston v. ClubCorp USA, Inc.*, 2019 WL 1873293, at *3 (C.D. Cal. Mar. 11, 2019); *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."); Fed. R. Civ. P. 36 advisory committee notes (1970 Amendment) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."). However, requests for admission also clarify those issues which are "genuinely contested," thus where issues in dispute "are requested to be admitted, a denial is a perfectly reasonable response." *Boston,* 2019 WL 1873293, at *3 (quoting *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3rd Cir. 1988).) Thus, Rule 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and <u>when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest</u>. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4) (emphasis added).

If a party contends that a response to a request for admission does not comply with Rule 36(a), then the party may "move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). If the Court finds that an answer does not comply with Rule 36, "the court should ordinarily first order an amended answer, and deem the matter admitted only if a

sufficient answer is not timely filed." *Asea, Inc.,* 699 F.2d at 1247. However, "this determination, like most involved in the oversight of discovery, is left to the sound discretion" of the Court. *Id.*

### III. DISCUSSION

#### A. Requests for Admission Nos. 42-45, 47, and 49

Requests for Admission Nos. 42-45 seek admissions that, "before placing someone under arrest following a call for service not involving imminent harm to anyone, an imminent threat of harm to anyone, or a threat of harm to anyone," the Deputy Defendants "knew [they] had a duty to investigate" the factual basis for the call or alleged crime. (Doc. No. 50 at 5-6.) The Deputy Defendants object to each request as compelling "an admission of a conclusion of law because the existence of a legal duty is a question of law." (*Id.*) The Deputy Defendants further object to these requests on the grounds that they are overbroad, vague, and ambiguous, are incomplete hypotheticals, call for speculation, lack foundation, and assume facts not in evidence. (*Id.*) Subject to these objections, the Deputy Defendants deny "that an arrest for violations of Penal Code §§ 647(f) and 148(a)(1), as personally witnessed by [the Deputy Defendants]" invokes such duties. (*Id.*)

Requests for Admission Nos. 47 and 49, in turn, seek admissions that, before playing Plaintiff Michael Scott Taylor under arrest, the Deputy Defendants "knew [they] had a duty to investigate" the factual basis for Defendant Rhonda Lee Lopez' call for service and "knew [they] had a duty to COMMUNICATE" with Defendant Rhonda Lee Lopez regarding the factual basis of her call. (Doc. No. 50 at 6-7.) The Deputy Defendants again object to these requests as seeking "to compel an admission of a conclusion of law because the existence of a legal duty is a question of law." (*Id.*) Subject to this objection, the Deputy Defendants deny that they had any duty to investigate the factual basis of Defendant Rhonda Lee Lopez' call or to communicate with her before placing Plaintiff Michael Scott Taylor under arrest for violations of Penal Code §§ 647(f) and 148(a)(1). (*Id.*)

5

### 1. Generic Objections are Overruled

The Court overrules the Deputy Defendants' generic objections to the Requests for Admissions. The Deputy Defendants' objections to Requests for Admission Nos. 42-45 on the grounds that they are overbroad, vague and ambiguous, are incomplete hypotheticals, call for speculation, lack foundation, and assume facts not in evidence are improper. Generic, boilerplate objections to discovery are not sufficient. *See Marti v. Baires,* 2012 U.S. Dist. LEXIS 77962, 2012 WL 2029720 (E.D. Cal. June 5, 2012) (reliance on boilerplate objections is an abuse of the discovery process); *see A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 188 (C.D.Cal.2006) (general or boilerplate objections such as "overly burdensome and harassing" are improper); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable). Rather, a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome. *See Dolarian Capital, Inc. v. SOC, LLC,* 2012 WL 4026818, at *2 (E.D. Cal. Sept. 12, 2012).

In the parties' Joint Statement, the Deputy Defendants argue that Requests for Admission Nos. 42-45 "are overly broad statement[s] without specific factual information, making it an incomplete hypothetical, and it is equally vague and ambiguous based on the lack of specific facts." (Doc. No. 50 at 15.) This argument merely restates the objections themselves with little to no further explanation. Such general, boilerplate objections are inappropriate under the Federal Rules of Civil Procedure. *See Dolarian Capital, Inc.,* 2012 WL 4026818, at *2. Moreover, objections that a request assumes facts not in evidence, calls for speculation, or lacks foundation are not proper in the course of written discovery. *See Garcia v. Clark,* 2012 WL 1232315, at *2, *12 (E.D. Cal. Apr.12, 2012) (explaining that "[a]ssuming facts not in evidence may be the basis for an objection during trial or some other evidentiary hearing," but is not proper during the course of discovery); *Hammond v. Mgmt. & Training Corp.*, 2015 WL 402022, at *6 (E.D. Cal. Jan. 29, 2015); *Marti v. Baires,* 2012 WL

2029720, at *5 (E.D. Cal. June 5, 2012). Accordingly, these objections are overruled.

### 2. Requests ask for Conclusions of Law

The Deputy Defendants also objected that the requests call for conclusions of law. Rule 36 permits requests for admission that require a responding party to apply law to the facts of the case. Fed. R. Civ. P. 36(a)(1). However, requests for admission of pure legal conclusions are generally not permitted. *Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999); *see, e.g., Bovarie v. Schwarzenegger*, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (concluding that a request to admit that "it is not within the Medical Standard of the Medical profession community in California ... for a medical doctor to disregard a known risk to their patient's health" impermissibly sought a conclusion of law); *Garcia v. Clark*, 2012 WL 1232315, at *11 (E.D. Cal. Apr. 12, 2012) ("Whether [an] accommodation was 'reasonable' is a legal conclusion, and beyond the purpose of requests for admission."); *Holston v. DeBanca,* 2012 WL 843917, at *12-13 (E.D. Cal. Mar. 12, 2012) (ruling that requests for admission improperly sought legal conclusions where they did not reference the facts of that case and asked the "defendant to admit various legal propositions, conceding the elements of a claim or affirming certain legal standards."); *Martin v. Safeco Ins. Co. of America*, 2012 WL 3070680, at *1 (E.D. Cal. July 12, 2012) (finding that requests "to admit or deny what [the defendant's] general 'legal obligations' were in the context of reviewing and settling [the plaintiff's] insurance claim" were improper requests for admissions of legal conclusions); *see also Embotteladora Electropura S.A. de C.V. v. Accutek Packaging Equipment Company, Inc.,* 2017 WL 1550048, at *6 (S.D. Cal. 2017) (recognizing that a request that a party "state their understanding of federal law" is purely a legal matter). "[T]he distinction between a request seeking application of law to facts and a request impermissibly seeking a pure conclusion of law is not always easy to apply." *Boston,* 2019 WL1873293, at *4 (*quoting In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.,* 2015 WL 13715291, at *2 (D. Mass. Sept. 8, 2015)).

Several of Plaintiff's Requests ask the Deputy Defendants to admit that they had a "duty to investigate." The question of whether a duty exists in a given factual situation is a question

of law. *See, e.g., Ileto v. Glock, Inc.,* 349 F.3d 1191, 1203 (9th Cir. 2003) ("Whether a legal duty arises is a question of law[.]") (internal citations and quotation marks omitted); *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler,* 210 F.3d 983, 986 (9th Cir. 2010) ("The question of the existence of a legal duty of care in a given factual situation presents a question of law which is to be determined by the courts alone.") (internal citations omitted).

Here, Requests 42-45, 47 and 49 each ask the responding party to admit the existence of a duty to investigate or communicate in a given factual situation. Thus, as phrased, the Requests call for a pure legal conclusion beyond the purpose of requests for admission. The Requests do not ask if the Deputy Defendants did or did not investigate; the Requests ask whether there was a "duty" to do so. While Plaintiffs contend that "[a]sking [the Deputy Defendants] for their perceived duty under the state parameters of the noted requests is, in no way, asking for a 'conclusion of law,'" Plaintiffs do not cite to any controlling authority for this proposition. (*See* Doc. No. 50 at 11.) Whether a duty existed or not is a question of law. The Court accordingly sustains the Deputy Defendants' objections that Requests for Admission Nos. 42-45, 47, and 49 call for a pure legal conclusion and no further responses are required.

**B. Request for Admission No. 53**

Request for Admission No. 53 asks the Deputy Defendants to admit that at the time of Plaintiff's Taylor's arrest, the officers "lacked probable cause to arrest" him for a violation of California Penal Code § 246.3(a). (Doc. No. 50 at 7.) The Deputy Defendants did not admit or deny the request and instead objected that it seeks to compel an admission of a conclusion of law and is irrelevant because Plaintiff Michael Scott Taylor "was not arrested for violation of Penal Code § 246.3(a) at the time of handcuffing." (*Id.*)

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing *Beck v.* Ohio, 379 U.S. 89, 91 (1964)). An officer has probable cause "when under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had

committed a crime." Id. "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Only when "[t]he facts are undisputed, [ ] the existence of probable cause is a question of law." *Tsao v. Desert Palace, Inc.,* 698 F.3d 1128, 1146 (9th Cir. 2012).

As discussed above, requests for admission cannot be used to compel an admission of a pure conclusion of law, but may properly seek an application of law to fact. *See* Fed. R. Civ. P. 36(a)(1)(A). In *Davis v. Buckley,* 2013 WL 12114581, at *2 (D. Ariz. June 11, 2013), the plaintiff asked the defendants to "[a]dmit that you did not observe any exigent circumstances before you entered the home of the plaintiff on December 30, 2010." The defendant objected that the request called for a legal conclusion and did not admit or deny the request. *Id.* The Court overruled the objection, reasoning that, "[a]lthough this RFA calls for a legal conclusion, it is one that is related to the facts of the case and involves a legal determination that is typically within the knowledge of a trained police officer. " (*Id.*) As such, the defendant in *Davis* was required to supplement his response to the request. (*Id.*)

Request for Admission No. 53 likewise seeks a legal conclusion, *i.e.* whether the Deputy Defendants had probable cause to arrest Plaintiff Michael Scott Taylor for a violation of California Penal Code § 246.3. This request, as in *Davis,* is also tied to the specific facts of the case and involves a legal determination that is typically within the knowledge of a trained police officer. The request is not an abstract, pure legal conclusion, but instead addresses the underlying facts regarding the existence of probable cause, which is an appropriate use of a request for admission. *See* Fed. R. Civ. P. 36(a)(1)(A); *Music Group MacAo Commercial Offshore Limited v. Foote,* 2015 WL 579688 (N.D. Cal. Feb. 11, 2015) (reasoning that a request for admission improperly sought "an abstract legal conclusion" where it "does not request underlying facts that may establish that the act was illegal, which may well be appropriate[.]") Because Request for Admission No. 53 properly seeks the application of law to the facts, the Deputy Defendants' objection that it calls for a legal conclusion is overruled.

The Deputy Defendants further object to Request for Admission No. 53 on relevance

9

grounds.  The Court has broad discretion in determining relevancy for purposes of discovery. *Hallet v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002); *Knapp v. Cate,* 2012 WL 2912254, at *2 (E.D. Cal. July 16, 2012).  As stated in the response to the Requests, Plaintiff Michael Scott Taylor was not arrested for a violation of Penal Code § 246.3(a) "at the time of handcuffing."[2] (Doc. No. 50 at 5-7, 16-17.)   The Deputy Defendants justify their relevance objection because Plaintiff Michael Scott Taylor was not arrested for a violation of Penal Code § 246.3(a) "at the time of handcuffing."

The objection on the basis of relevance is overruled.  Request 53 is relevant as it seeks to determine whether Taylor was arrested for a particular charge.  Moreover, whether Taylor was arrested for a particular charge may speak to whether the Request should be admitted or denied, it does not bear on the relevance of the Request to a party's claim or defense in this case.  *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401.  Thus, the relevance objection is overruled, and the Deputy Defendants will be required to serve an amended response to Request for Admission No. 53 within fourteen (14) days of service of this order.  The Court notes that the response attempts to deny the Request No. 53, which is, of course, permitted.  Since the Court overrules the objections, the denial must "fairly respond to the substance of the matter …" Rule 36(a)(4).

**C. Requests for Admission Nos. 55 and 56**

Requests for Admission Nos. 55 and 56 request that the Deputy Defendants admit that their only "COMMUNICATION" "between you" and Defendants Brian David Lopez and Rhonda Lee Lopez on June 24, 2017, occurred after Plaintiff Michael Scott Taylor's arrest. (Doc. No. 50 at 7-8.)  The Deputy Defendants did not object to these requests but denied them and stated that, "[p]ursuant to Plaintiffs' definition of COMMUNICATION, information from DAVID LOPEZ and/or RHONDA LOPEZ was conveyed to [the Deputy Defendants] while enroute [sic] to the scene."  (*Id.*)

---

[2] The complaint alleges that Plaintiff Michael Scott Taylor was informed by the District Attorney for the County of Calaveras that a charge for California Penal Code § 246.3(a) had been considered as a result of the 911 service call which gave rise to his arrest. (Doc. No. 1 at 8.)  The Deputy Defendants' answer admits that the District Attorney considered charging Plaintiff Michael Scott Taylor with a violation of Penal Code § 246.3(a). (Doc. No. 23 at 4.)

10

Plaintiffs argue that these responses "do not respond to the substance of the Requests, but rather, purport to address communications **conveyed** between [the Deputy Defendants] and the Lopez Defendants via dispatch." (Doc. No. 50 at 10.) (Emphasis in original.) Although the full definition of the term "COMMUNICATION" is not set forth in the Joint Statement Re Discovery Disagreement, the Deputy Defendants clarify that the definition provided by Plaintiffs includes "any means by which information is exchanged or **conveyed**[.]" (Doc. No. 50 at 10.) (Emphasis added.) Accordingly, the Deputy Defendants' responses are appropriate in light of the wording of the request and Plaintiffs' definition of the term "COMMUNICATION." Indeed, Defendant Stevens admitted that "direct contact with David Lopez occurred after Taylor's arrest." *See also* Fed. R. Civ. P. 36(a)(4) ("A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.") No further responses are required.

**D. Sanctions**

Finally, Plaintiffs request expenses, including reasonable attorneys' fees incurred in bringing their motion. (Doc. Nos. 41, 50 at 12.) Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel a discovery response is granted, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. However, the Court must not order payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Although Plaintiffs' motion is granted in part, the Court finds that the Deputy Defendants' responses were substantially justified in light of the legal and factual issues presented. Moreover, according to the declarations of counsel submitted in support of the Joint Statement Re Discovery Disagreement, it appears that the parties' meet and confer efforts consisted entirely of written communications. (Doc Nos. 49, 50-1.) As the Court advised the

parties at the Initial Scheduling Conference, the Court requires at least one telephonic or in person conference as part of the parties' obligations to meet and confer in good faith to resolve their discovery dispute prior to seeing judicial intervention. Accordingly, the Court will not order the Deputy Defendants to pay Plaintiffs' expenses incurred in bringing the motion.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiffs' motion for an order deeming Requests for Admission Nos. 42-45, 47, 49, 53, and 55-56 admitted or compelling amended responses thereto and for sanctions is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants Geoffrey Ramos, Talyaann Mattos, and Kevin Stevens shall provide amended responses to Request for Admission No. 53 within fourteen (14) days of service of this order;

2. Plaintiffs' request that the Court deem Request Nos. 42-45, 47, 49, and 55-56 admitted or compel amended responses thereto is DENIED; and

3. Plaintiffs' request for an award of expenses, including reasonable attorneys' fees, incurred in bringing the motion is DENIED.

IT IS SO ORDERED.

Dated: **November 26, 2019**         /s/ *Barbara A. McAuliffe* _
UNITED STATES MAGISTRATE JUDGE