1  **Panos Lagos (SBN 61821)**
   **LAW OFFICES OF PANOS LAGOS**
2  5032 Woodminster Lane
   Oakland, CA 94602
3  Tel. (510) 530-4078
   Fax (510) 530-4725
4  e-mail: panoslagos@aol.com

5  *Attorney for Plaintiffs,*
   **MICHAEL SCOTT TAYLOR, LORI MELVILLE**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL SCOTT TAYLOR, LORI MELVILLE**, | Case No. 1:18-cv-00760-BAM |
| Plaintiffs, | STIPULATION AND PROTECTIVE ORDER REGARDING PLAINTIFFS' PRODUCTION OF MATERIALS IN RESPONSE TO COUNTY OF CALAVERAS' REQUEST FOR PRODUCTION OF DOCUMENTS |
| vs. | |
| **COUNTY OF CALAVERAS, et al.,** | Hon. Barbara A. McAuliffe |
| Defendants. | |

**IT IS HEREBY STIPULATED BY AND BETWEEN** Defendants COUNTY OF CALAVERAS, CALAVERAS COUNTY SHERIFF RICK DIBASILIO, DEPUTY GEOFFREY RAMOS, DEPUTY TALYA-ANN MATTOS and DEPUTY KEVIN STEVENS (collectively referred to herein as "County"), and Plaintiffs MICHAEL SCOTT TAYLOR and LORI MELVILLE (collectively referred to herein as "Plaintiffs") and Defendants BRIAN DAVID LOPEZ and RHONDA LEE LOPEZ (collectively referred to herein as "Lopez Defendants"), through their respective counsel:

County, Plaintiffs and the Lopez Defendants, collectively referred to herein as the "Parties," hereby stipulate and consent to the Court entering a Protective Order to protect confidential, private and privileged personal information which is maintained in the medical records of Plaintiff MICHAEL SCOTT TAYLOR. Plaintiff TAYLOR contends that Defendant COUNTY OF CALAVERAS' request for production of documents seeks disclosure of

confidential, private and privileged personal information contained in his medical records to which TAYLOR contends that he has a right of privacy pursuant to his federal and California constitutional rights to privacy. Plaintiff contends the information sought by Defendant COUNTY OF CALAVERAS would create a substantial risk of harm to significant privacy interests if disclosure were made. More specifically, the records sought will disclose confidential, private and privileged personal medical information. Plaintiff TAYLOR is concerned because of a belief that Defendants are antagonistic toward TAYLOR and may seek retribution for the prosecution of his Complaint against them. Disclosure could present a risk of harm to TAYLOR if personal matters are disclosed.

Plaintiff TAYLOR has been asked to produce his medical records. Without a protective order in place, production of such information will run afoul of TAYLOR'S privacy rights guaranteed under the United States Constitution and the California Constitution.

Subject to and without waiving any statutory or constitutional privileges or objections to the admissibility or discoverability of any information or documents produced, the Parties stipulate that access to and use of such information or evidence shall be governed by the provisions of this Stipulated Protective Order and that the terms set forth herein may be entered by the Court. This Stipulated Protective Order shall apply to all copies of designated matters.

**I.     DESIGNATION OF CONFIDENTIAL MATERIALS**

A.     "Confidential" materials shall be any and all contents of TAYLOR'S medical records;

B.     TAYLOR will redact confidential personal information regarding his social security number.

C.     The Parties agree to make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to review such information, and obtain an agreement from the persons to whom the disclosure was made to be bound by this Protective Order.

///

///

## II. RESTRICTION REGARDING CONFIDENTIAL MATTERS

A. No Confidential materials produced by County shall be used for any purpose other than the litigation, preparation for, and trial of this case.

B. There shall be no disclosure of documents designated as "Confidential" to anyone other than the following:

1. Plaintiffs, Plaintiffs' counsel and Plaintiffs' counsel's staff and agents, including, but not limited to, outside copy service personnel;

2. COUNTY Defendants' counsel, counsel's staff and agents, including, but not limited to, outside copy service personnel;

3. Lopez Defendants' counsel, counsel's staff and agents, including, but not limited to, outside copy service personnel;

4. Experts and consultants retained by Plaintiff's counsel and counsel for County and Lopez Defendants in the preparation or presentation of the case;

5. The finder of fact at the time of trial, subject to the Court's rulings on pre-trial motions and objections of counsel; and

6. Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for trial.

C. Confidential materials may be shown to the persons listed in paragraphs B(3) and B(5) only after such persons have been shown a copy of this Order and advised of its terms. Any person receiving Confidential materials shall not reveal the information therein to, or discuss the contents of the materials with, any person who is not entitled to receive such information as set forth herein.

D. Confidential materials disclosed at a deposition shall be designated as "Confidential" by so indicating on the record at the deposition. Copies of Confidential materials attached to deposition exhibits shall maintain their confidential status as set forth in this Protective Order and be sealed. If any document or information designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate

designation. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

E. If filed with the Court, such materials shall be labeled as "Confidential Subject to Court Order" and filed under seal. In the event that any entity seeks to have any document unsealed, TAYLOR shall first have an opportunity to seek the Court's finding that: (1) there exists an overriding interest that overcomes the right of public access to the materials; (2) the overriding interests support sealing the records; (3) a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist to achieve the overriding interest.

F. If COUNTY or LOPEZ Defendants wish to disclose "Confidential" materials to any person not identified in paragraphs B(1)-B(5) above, they must proceed in the following manner: the names of the persons to whom "Confidential" material is to be disclosed shall be provided in writing to counsel for County, along with the bases for the need to disclose the information and/or materials and a description with reasonable specificity of the "Confidential" materials to be disclosed. Counsel for TAYLOR shall have seven days to object to such disclosure in writing. If no objection is made in that time, the request is deemed granted. If an objection to the disclosure is asserted by counsel for Plaintiffs, Defendants must apply for relief from the Court. Such materials shall not be disclosed pending a decision by the Court on such motion.

**III. GENERAL**

A. The terms of this Stipulated Protective Order shall be binding on Plaintiffs, County and Lopez Defendants from the time that counsel sign the Stipulation, even if the Court has not signed the Order.

B. This Stipulated Protective Order may be modified or terminated by this Court for good cause shown or by signed stipulation of counsel for the Parties.

///

C. Counsel may apply to the Court to challenge a designation made by Plaintiffs after an attempt has been made to meet and confer over the issue. Upon such a request to the Court to challenge the designation made, the Court shall review the materials in an in-camera hearing and determine whether the designation is appropriate. Plaintiff and Defendants shall comply with the Stipulated Protective Order unless the Court orders otherwise.

**IV. TERMINATION OF THE LITIGATION**

A. Within sixty (60) days after a final judgment or settlement, all original "Confidential" materials and copies or portions thereof containing or reflecting information of "Confidential" materials shall be destroyed or returned to counsel for Plaintiffs. Counsel for COUNTY and LOPEZ defendants shall file declarations under penalty of perjury that they have complied with this provision.

B. This Stipulated Protective Order shall survive and remain in full force and effect after the termination of this case and may be enforced as a contract between the Parties, or by application to the Court for a finding of contempt.

This Joint Stipulation may be executed in counterparts. When County, Lopez Defendants and Plaintiffs have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and each counterpart taken together shall constitute one and the same Joint Stipulation.

**IT IS SO STIPULATED.**

Dated: October 24, 2019   LAW OFFICES OF PANOS LAGOS

*/s/Panos Lagos*
Panos Lagos, Esq.
Attorneys for Plaintiffs,
MICHAEL SCOTT TAYLOR,
LORI MELVILLE

///

///

| | | |
|---|---|---|
| Dated: October 22, 2019 | | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |

*/s/Mart B. Oller*
Mart B. Oller IV
Laura A. Wolfe
Attorneys for Defendants,
COUNTY OF CALAVERAS,
CALAVERAS COUNTY SHERIFF RICK DIBASILIO,
DEPUTY GEOFFREY RAMOS,
DEPUTY TALYA-ANN MATTOS,
DEPUTY KEVIN STEVENS

Dated: November 21, 2019        DONAHUE DAVIES LLP

*/s/ Stephen J. Mackey*
James R. Donahue
Stephen J. Mackey
Attorneys for Defendants,
BRIAN DAVID LOPEZ,
RHONDA LEE LOPEZ

## **ORDER**

The Court adopts the stipulated protective order submitted by the parties. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential. Also, the parties shall consider
STIPULATED PROTECTIVE ORDER RE: PLAINTIFFS' PRODUCTION IN RESPONSE TO COUNTY'S REQUEST FOR PRODUCTION OF DOCUMENTS
*Taylor, et al. v. County of Calaveras, et al.*
USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM                                              6

resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedures.

IT IS SO ORDERED.

Dated: __November 27, 2019__   _____/s/ Barbara A. McAuliffe_____
                                                                           UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER RE: PLAINTIFFS' PRODUCTION IN RESPONSE TO COUNTY'S REQUEST FOR PRODUCTION OF DOCUMENTS
*Taylor, et al. v. County of Calaveras, et al.*
USDC (E.D. Cal.) Case No.: 1:18-cv-00760-DAD-BAM           7