# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT TAYLOR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF CALAVERAS, et al., <br><br> Defendants. | Case No. 1:18-cv-00760-BAM <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 27, 2019 ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED OR TO COMPEL AMENDED ANSWERS AND FOR SANCTIONS** <br><br> (Doc. No. 58) |

Currently before the Court is Plaintiffs Michael Scott Taylor and Lori Melville's ("Plaintiffs") motion seeking reconsideration of the Court's order issued November 27, 2019, denying Plaintiffs' motion for an order deeming requests for admission admitted or compelling amended responses thereto and for sanctions. (Doc. No. 58.)[1] On January 3, 2020, Defendants County of Calaveras, Rick DiBasilio, Geoffrey Ramos, Talya-Ann Mattos, and Kevin Stevens ("Defendants") filed an opposition to the motion. (Doc. No. 60.) Plaintiffs did not file a reply.

The Court found the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g) and vacated the hearing on the motion set for January 17, 2020. (Doc. No. 63.) Having considered the motion, the opposition, the parties' arguments, as well as

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge. (Doc. Nos. 74, 77.) For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C.§ 636(c); Fed. R. Civ. P. 73; *see also* L. R. 301, 305. (Doc. No. 78.)

1

the entire record in this case, Plaintiffs' motion for reconsideration is DENIED.

**I.     BACKGROUND**

Plaintiffs filed a complaint on June 4, 2018, alleging civil rights violations under 42 U.S.C. § 1983 and California Civil Code § 52.1(b), as well as state law claims for assault and battery, false arrest/false imprisonment, negligence, and intentional infliction of emotional distress arising out of Plaintiff Michael Scott Taylor's arrest following a 911 call by Plaintiffs' neighbors, Defendants Brian David Lopez and Rhonda Lee Lopez. (Doc. No 1.)

On April 26, 2019, Plaintiffs propounded their Requests for Admission, Set One, on Defendants Geoffrey Ramos, Talya-Ann Mattos, and Kevin Stevens. (Doc. No. 49 at Ex. 2.) Responses to these Requests for Admissions were served on July 3, 2019. (*Id.* at 2.) Following meet and confer efforts, Plaintiffs filed a motion seeking an order deeming Requests for Admission Nos. 42-45, 47, 49, 53, and 55-56 admitted or requiring amended answers thereto and for sanctions. (Doc. Nos. 41, 49, 50-1.) On November 13, 2019, the Court held a telephonic informal discovery dispute conference off the record to address the pending motion. (Doc. No. 47.) The parties did not stipulate to an informal resolution of their dispute and solely discussed the status of the issues while the Court offered guidance on the matter. (*Id.*) The parties filed a Joint Statement Re Discovery Disagreement pursuant to Local Rule 251(c) on November 15, 2019. (Doc. No. 50.)

On November 27, 2019, the Court issued an order granting in part and denying in part Plaintiffs' motion to deem requests for admission admitted or to compel amended answers thereto and for sanctions. (Doc. No. 56.) In relevant part, the Court denied the motion as to Requests for Admission Nos. 42-45, 47, and 49 on the grounds that Plaintiff's request for admission that the Defendants "knew [they] had a duty to investigate" impermissibly sought a pure legal conclusion. (*Id.* at 8-10.) In its reasoning, the Court cited to *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1203 (9th Cir. 2003) ("*Ileto*") and *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler,* 210 F.3d 983, 986 (9th Cir. 2010) ("*First Interstate*") in support of the proposition that "[t]he question of whether a duty exists in a given factual situation is a question of law." (*Id.* at 7-8.) On December 11, 2019, Plaintiffs filed the instant motion for

reconsideration under Federal Rule of Civil Procedure 60(b)(6) on the grounds that the Court made a "clear manifest error of law" in relying on *Ileto* and *First Interstate*. (Doc. No. 58 at 1.)

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 60(b) provides for reconsideration of the Court's final judgments or orders where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j).

Motions for reconsideration are committed to the discretion of the trial court. *Rodgers v. Watt,* 722 F.2d 456, 460 (9th Cir. 1983) (en banc). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Wiley v. Hartley,* 2012 WL 3114953, at *1 (E.D. Cal. July 31, 2012) (citing *Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 818 F.2d 514 (9th Cir. 1987)). Generally, a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law[.]" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

### III. DISCUSSION

Plaintiffs' motion for reconsideration is brought pursuant to Rule 60(b)(6). (Doc. No. 58 at 1.) The motion does not claim any new or different facts or circumstances exist which were not shown in the prior motion and does not set forth any grounds for relief under Rule 60(b)(1)-(5). (*Id.*) Plaintiffs argue that the Court made a "clear manifest error of law" in relying on *Ileto* and *First Intestate* because the subject requests "refer to a duty to investigate – not a duty of care" and the cited cases are "negligence-based cases and neither of them involved the scope of Rule 36 or discovery issues." (Doc. No. 58 at 2-3.) According to Plaintiffs, the remaining authorities cited in the Court's order are likewise factually distinguishable. (*Id.* at 3-4.) Plaintiffs further concede that they failed to cite any controlling authority for their contention that these requests do not seek a conclusion of law but nonetheless set forth an expanded discussion of the same non-controlling authorities cited in support of their arguments in the Joint Statement re Discovery Disagreement. (*Id.* at 3-7.)

However, "[r]elief under Rule 60(b)(6) . . . is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1981); *see also In re Int'l Fibercom, Inc.,* 503 F.3d 933, 941 ("Rule 60(b)(6) . . . is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."). "In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier." *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1033 (N.D. Cal. 1994), *aff'd*, 89 F.3d 845 (9th Cir. 1996) (citing *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985)). "If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived." *Id.* (citation omitted).

Here, Plaintiffs have not demonstrated that the requisite extraordinary circumstances exist to justify relief under Rule 60(b)(6). Plaintiffs reargue their prior discovery motion and attempted to raise new arguments that could have been previously raised.[2] Plaintiffs' motion

---

[2] Notably, at the November 13, 2019 status conference with the parties, the Court expressed its concerns that the duty to investigate involved a question of law that is not properly addressed by a request for admission. The

4

for reconsideration is based solely on their disagreement with the Court's decision on the merits and application of law to the prior discovery motion.  A motion for reconsideration is not a means to reargue the motion or present arguments that could have been raised before and Plaintiffs' mere disagreement with the Court is not sufficient grounds for relief from the order. *Westlands Water Dist.,* 134 F.Supp.2d at 1131.  Accordingly, Plaintiffs have not shown clear error or other meritorious grounds for relief and have not met their burden as the party moving for reconsideration. *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009).

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiffs' motion for reconsideration (Doc. No. 58) is DENIED.

IT IS SO ORDERED.

Dated: **January 14, 2020**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

---

Court provided the parties with a citation to *Ileto* and directed the parties to address these concerns in their briefing.

5