UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT TAYLOR, LORI MELVILLE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF CALAVERAS, et al.,<br><br>Defendants. | Case No.  1:18-cv-00760-BAM<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR RECONSIDERATION RE: ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>(Doc. 117) |

Currently before the Court is the application of Plaintiffs Michael Scott Taylor and Lori Melville ("Plaintiffs") for reconsideration of the Court's order on the parties' cross-motions for summary judgment.[1]  (Doc.  117.)  On January 8, 2021, Defendants County of Calaveras, Rick DiBasilio, Geoffrey Ramos, Talya-Ann Mattos, and Kevin Stevens ("Defendants") filed an opposition to the application.  (Doc. 118.)  Plaintiffs did not file a reply.

The Court found the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g) and vacated the hearing on the application.  (Doc. 122.)  Having considered the briefing, the parties' arguments, as well as the entire record in this case, Plaintiffs' application seeking reconsideration is DENIED.

///

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Doc. Nos. 14, 29, 30.) For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C.§ 636(c); Fed. R. Civ. P. 73; *see also* L. R. 301, 305.  (Doc. 31.)

1

**I.  BACKGROUND**

Plaintiffs initiated this action on June 4, 2018, alleging violations of their civil rights in connection with Plaintiff Taylor's arrest at his home following a complaint of a weapon firing close to Plaintiffs' neighbors.  (Doc. 1.)  Plaintiffs moved for partial summary judgment on certain of their claims, and Defendants moved for summary judgment on all of Plaintiffs' claims.

The Court held a hearing on the parties' cross-motions for summary judgment on September 18, 2020.  As directed at the hearing, the Court ordered Plaintiffs to file a response to Defendants' Separate Statement of Undisputed Facts in Support of Summary Judgment, or Alternatively Partial Summary Judgment as required by Local Rule 260(b).  (Doc. 108.)

On September 24, 2020, Plaintiffs applied *ex parte* to submit additional argument on the issues raised in their motion for partial summary judgment.  (Doc. 109.)  The Court granted the *ex parte* application but noted that the parties had submitted extensive briefing in this action, including Plaintiffs' expanded points and authorities in support of their motion for partial summary judgment. (Doc. 110.)  Thereafter, Plaintiffs filed supplemental briefing in support of their motion for summary judgment and also filed their response to Defendants' separate statement of undisputed facts.  (Docs. 111, 112.)  Defendants responded to both filings.  (Docs. 113, 114.)  Plaintiffs subsequently filed a notice of supplemental authority in support of their motion for summary judgment.  (Doc. 115.)

On December 17, 2020, following a hearing and review of the parties' supplemental filings, the Court issued an order on the parties' cross-motions for summary judgment.  (Doc. 116.)  By its order, the Court dismissed Plaintiff Taylor's claim of deliberately fabricated evidence in violation of his Fourth and Fourteenth Amendment rights, denied Plaintiffs' motion for partial summary judgment, and denied Plaintiffs' requests for declaratory and injunctive relief.  Additionally, the Court granted Defendants' motion for summary judgment as to Plaintiffs' claim for municipal and supervisory liability against Defendants County of Calaveras and DiBasilio and as to Plaintiffs' punitive damages claim against the County of Calaveras.  The Court otherwise denied Defendants' motion for summary judgment.  (*Id.*)

On December 31, 2020, Plaintiffs filed the instant application for reconsideration under Federal Rule of Civil Procedure 60(b)(6) on the grounds that the Court made a "clear manifest error of law" in relying on *United States v. Struckman*, 603 F.3d 731 (9th Cir. 2010) to find Plaintiffs' *Monell* claim "unmerited" and in purportedly imposing an additional *Monell* requirement. (Doc. 117 at 2.) Plaintiffs also asserted that the "facts" referred to and assumed by the Court regarding Plaintiffs' version of events are "incorrect, misstated, immaterial, incomplete, and/or overlooked." (*Id.*) Defendants opposed the application, arguing that Plaintiffs have failed to meet their burden to demonstrate that exceptional and extraordinary circumstances justify the relief sought. (Doc. 118.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides for reconsideration of the Court's final judgments or orders where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j).

Motions for reconsideration are committed to the discretion of the trial court. *Rodgers v. Watt,* 722 F.2d 456, 460 (9th Cir. 1983) (en banc). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Wiley v. Hartley*, No. 1:12-cv-00144-BAM (HC), 2012 WL 3114953, at *1 (E.D. Cal. July 31, 2012) (citing *Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 818 F.2d 514 (9th Cir. 1987)). Generally, a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there

is an intervening change in the controlling law[.]" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

### III. DISCUSSION

Plaintiffs do not claim any new or different facts or circumstances exist which were not shown in the prior motion nor do they set forth any grounds for relief under Rule 60(b)(1)-(5). Instead, Plaintiffs' motion for reconsideration is brought pursuant to Rule 60(b)(6). (Doc. No. 117 at 2.)

"Relief under Rule 60(b)(6) . . . is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1981); *see also In re Int'l Fibercom, Inc.,* 503 F.3d 933, 941 ("Rule 60(b)(6) . . . is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."). Accordingly, a party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *In re Int'l Fibercom, Inc.,* 503 F.3d at 941 (citing *Community Dental Servs. v. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002)). Moreover, "[i]n order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier." *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F.Supp. 1028, 1033 (N.D. Cal. 1994), *aff'd*, 89 F.3d 845 (9th Cir. 1996) (citing *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985)). "If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived." *Id.* (citation omitted).

Here, Plaintiffs have not demonstrated that the requisite extraordinary circumstances exist to justify relief under Rule 60(b)(6). Plaintiffs essentially are rearguing their prior motion for partial summary judgment, including the application of *Struckman* and *Monell v. Dept. of Soc. Servs. of City of New York*. 436 U.S. 658 (1978). Plaintiffs' view regarding the application

of both *Struckman* and *Monell* to the facts of this case was included in the original briefing on Plaintiffs' motion for summary judgment. (*See generally* Doc. 85-1.) Plaintiffs' failure to raise any argument relative to the application of those cases in the summary judgment briefing does not support reconsideration.

Plaintiffs' additional arguments concerning the purported events in this action also have been extensively briefed. Plaintiffs challenge the Court's characterization of certain facts, contesting the Court's understanding of the presented evidence and parsing the Court's statements. Plaintiffs also appear to challenge the Court's citation to and reliance on Plaintiffs' version of events, which are supported by their declarations submitted in opposition to the Defendants' motion for summary judgment. At one point, in taking issue with the Court's reconstruction of events based on Plaintiffs' declarations, Plaintiffs go so far as to admit that they "will present their version of the contact as noted and quoted by the Court. . . . when presenting their matter to the fact-finder . . . . " (Doc. 117 at 9 n.3.) Plaintiffs also admit that their "version will be ultimately submitted to the jury." (*Id.* at 24.) Plaintiffs' statements evince no apparent misunderstanding by the Court of Plaintiffs' asserted facts. Plaintiffs argue that their declarations in opposition to Defendants' motion for summary judgment "were not probative, material, nor needed on the unlawfulness of the deputies' version of their entry and arrest and the *Monell* claim." (*Id.* at 9.) What Plaintiffs overlook is that where, as here, the parties cross-move for summary judgment on a claim, the Court is required to review the evidence submitted by the parties in support of their own motions and in opposition to the opposing party's motion in deciding each summary judgment motion. *See Fair Hous. Council of Riverside Cty., Inc., v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (finding district court was required to review the evidence properly submitted in support of plaintiffs' motion for summary judgment to determine whether it presented a disputed issue of material fact precluding summary judgment on defendants' motion for summary judgment).

At its core, Plaintiffs' motion for reconsideration is based solely on their disagreement with the Court's decision on the merits and application of law to the cross motions for summary judgment. However, a motion for reconsideration is not a means to reargue a motion or present

arguments that earlier should have been raised. Plaintiffs' mere disagreement with the Court is not sufficient grounds for relief. *Westlands Water Dist.,* 134 F.Supp.2d at 1131.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for reconsideration (Doc. 117) is DENIED.

IT IS SO ORDERED.

Dated: **April 5, 2021**          /s/ Barbara A. McAuliffe
                        UNITED STATES MAGISTRATE JUDGE